(78 South. 847)

No. 23101.

STATE ex rel. TATE et al. v. BROOKS-SCANLON CO. et al.

In re BROOKS–SCANLON CO. et al.

(May 27, 1918.)

*(Syllabus by the Court.)*

1. JURISDICTION OF RAILROAD COMMISSION — CONSTITUTIONAL PROVISIONS.

The Railroad Commission of Louisiana has power and authority over all matters and things connected with and concerning the service to be given by railroads, express, telephone, telegraph, steamboat, and other water craft, and sleeping car companies and corporations in the state, and their operations within the state.

2. PUBLIC SERVICE COMMISSIONS ⬤⇒21—JURISDICTION OF COURTS.

The courts of the state have not original jurisdiction in such matters, but they may review the decisions of the commission.

Petition for injunction by the State of Louisiana, on the relation of C. M. Tate and others, against the Brooks-Scanlon Company and another. Exceptions to jurisdiction of district court overruled, and defendants apply for writs of mandamus, certiorari, and prohibition against the Twenty-Fifth Judicial District, parish of Tangipahoa and Hon. W. S. Rownd, Judge. Writ of prohibition issued against the judges of the district court and plaintiffs, mandatory injunction dissolved, and case dismissed.

R., C. & S. Reid, of Amite, for applicants. W. M. Barrow, Asst. Atty. Gen. (Ponder & Ponder, of Leesville, of counsel), for respondents.

SOMMERVILLE, J. The state, on the relation of certain residents and taxpayers of the parish of Washington, sued out a mandatory injunction, enjoining, prohibiting, and restraining the two defendants from abandoning, taking up, removing, or doing away with any part of the railroad track owned by the Brooks-Scanlon Company, and leased by it to the Kentwood & Eastern Railway Company, and further prohibiting said railroad from abandoning or discontinuing the running of trains and giving service as had been given in the past between Kentwood in the parish of Tangipahoa and Hackley in Washington parish.

The two companies appeared and excepted to the jurisdiction of the district court of Tangipahoa parish, in which the Kentwood & Eastern Railway Company is domiciled, on the ground that the court was without jurisdiction ratione materiæ, as plaintiffs had not first applied to the Railroad Commission of Louisiana and obtained action on their application, and on the further ground that only the district court of the domicile of the Railroad Commission in Baton Rouge had the power and authority to review any order made by said commission.

The exceptions were overruled, and defendants have applied for writs of certiorari and prohibition to issue to the district court.

[1] The organization of the Railroad Commission of Louisiana was provided for in article 283 of the Constitution; and to it was given the power and authority and duty to make rates, etc., which would "affect and include all matters and things connected with and concerning the service to be given by railroad, express, telephone, telegraph, steamboat, and other water craft, and sleeping car companies, and corporations in the state, and their operations within the state." Articles 284 and 286.

The matter and thing here presented for decision affects and includes the service to be given the public by the defendant railroad companies and the operation of a railroad within the state.

[2] It is a matter exclusively within the jurisdiction of the commission, and the decision of that body thereon is subject to review at the suit of the railroad affected by the decision, in the district court at the dom-

icile of the commission, and in the Supreme Court on appeal. Const. art. 285.

It is only after the commission has acted that the court may be appealed to.

The commission does not appear to have acted with reference to defendants in the matter complained of by plaintiffs; but, until the commission's power and authority have been invoked to compel defendants to continue their operations and to serve the public as a common carrier within the state, and a decision has been rendered by the commission, the court is without authority or jurisdiction in the premises.

While the Constitution says the courts shall be open, and that any person, for injury done him in his rights, lands, goods, person, or reputation shall have adequate remedy by due process of law and justice it also provides for a railroad commission with "power to summon and compel the attendance of witnesses, to swear witnesses, and to compel the production of books and papers, to take testimony under commission, and to punish for contempt as fully as is provided by law for the district courts," on the hearing of "complaints that may be made against the classification or rates it [the commission] may establish; and to regulate the mode and manner of all investigations and hearings of railroad companies and other parties before it, in the establishment of rates, orders, charges, and other acts required or authorized by these provisions." Article 284. This is due process of law and justice. It provides for the preliminary steps to be taken by .complainants before the Railroad Commission before the courts may be resorted to.

It is contended that the Railroad Commission is without power to prohibit common carriers from dissolving or totally abandoning their properties; that the commission may in a case before it, determine a reasonable rule; and that rule or order must, if contested, be reviewed by the courts, and

enforced, if upheld; that it may control the railroads while they are in operation, but that it has no authority to prevent them from going out of business; that the courts must determine the question whether these defendants shall operate a railroad owned by them, before the commission can exercise the authority to regulate and control the service.

But, defendants are operating a railroad, and the commission may exercise its authority to regulate and control the service thereof. To it is given the power and authority, not only affecting and including the transportation of passengers, freight, etc., but of "all matters and things connected with and concerning the service to be given by railroads, steamboats, etc., and their operations within the state."

In the case of Railroad Commission of Louisiana v. Kansas City Southern Ry. Co., 111 La. 133, 35 South. 487, we say:

"The article [of the Constitution] just referred to unquestionably confers on the commission the power of regulating the service as between it and the public. * * *

"The word 'regulate' has a broad meaning. We think it includes the power to see to the maintenance of the main track and all its switches and spurs as they were at the time of taking charge, and the power to prevent any change when reasonably, in public interest, no change should be made. * * *

"The power to 'regulate' carries with it full power over the thing subject to regulation. Here the Constitution has placed the railroad and its appurtenances under the authority of the commission.

"This, we understand, was the view taken by the courts in passing upon words in the Interstate Commerce Act of similar import to those in our Constitution regarding railroads and their management, placed under a commission in accordance with the requirement of the Interstate Commerce Act. The broadest meaning is given to the words 'govern' and 'regulate.' Am. & Eng. Enc. of Law, verbo 'Interstate Commerce.' It follows, the thing to be regulated includes main line and side tracks already laid. * * *

"The power to regulate authorizes appropriate orders to maintain the property in the condition of use in which it should be kept; that is, in a safe and useful condition.

"The intention, we take it, in authorizing the commission to 'regulate' and 'govern'—words of

the organic law—was to invest the commission with sufficient authority to prevent the railroad from taking down and doing away with any part of its road."

It is quite clear from the language of the Constitution that the Railroad Commission has power and authority over all matters and things connected with and concerning the .service to be given by railroads within the state of Louisiana, and that the courts are without jurisdiction in such matters until after the commission shall have acted and the railroad company has filed a petition in the court at the domicile of the commission, setting forth any objections it may make to such decision or order.

As it appears that the Railroad Commission has not taken any steps in the premises, the district court of Tangipahoa parish was without jurisdiction to issue a mandatory injunction in this case.

It is therefore ordered, adjudged, and decreed that a writ of prohibition issue herein, forbidding the judges of the district court for the parish of Tangipahoa and the plaintiffs from proceeding further in this case, that the mandatory injunction issued be dissolved, and that the case be dismissed, at plaintiffs' costs.

O'NIELL, J., concurs in the decree.