(96 South. 832)

No. 24777.

## VICKSBURG, S. & P. RY. CO. v. RAILROAD COMMISSION OF LOUISIANA.

(April 30, 1923. Rehearing Denied June 4, 1923.)

*(Syllabus by Editorial Staff.)*

1. Railroads ⬡227—Regulation of train service vested in Commission subject to review by courts.

The legislative, or quasi legislative, function of fixing places at which railroad trains shall stop is vested by the Constitution in the Railroad Commission (now the Public Service Commission), and the courts only have jurisdiction because of their authority to review the Commission's orders.

2. Railroads ⬡9(2)—Courts cannot interfere with orders of Commission unless unreasonable.

Courts should act slowly in substituting their views and discretion for those of the Railroad Commission with respect to necessity of stopping trains at particular points, and ought never to interfere except when clearly arbitrary, or unreasonable to such extent as to be arbitrary.

3. Railroads ⬡227 — Commission's order to stop train held not arbitrary.

Order of Railroad Commission that one train each way be stopped on signal at place where there was a post office, church, and school, and where such trains stopped at times, and at which 1,678 passengers within six months boarded or left the trains, *held* not arbitrary or unreasonable.

4. Railroads ⬡9(2) — Unreasonableness of Commission's order must be shown by strong preponderance of evidence.

One appealing to the courts to set aside an order of the Railroad Commission issued in good faith and after due hearing requiring stopping of trains must show by strong preponderance of evidence that the Commission's action was so clearly and grossly unreasonable as to be purely arbitrary.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the Vicksburg, Shreveport & Pacific Railway Company against the Railroad Commission of Louisiana. From a judgment for defendant, plaintiff appeals. Affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellant.

W. M. Barrow, Asst. Atty. Gen., for appellee.

ST. PAUL, J. This is a suit to annul and enjoin the execution of an order issued by defendant requiring plaintiff to stop, on signal, at Start Station, its local trains Nos. 5 (west-bound) and 6 (east-bound) as long as said trains carry the parcel post, which requires them to stop at times at said station. No other train stops at said station, which is 1⅓ miles east of Crew Lake and 3 miles west of Girard, at both of which stations these and other trains stop.

The only question involved is whether said order be reasonable.

There are very few families residing within (say) a quarter of a mile of Start Station, but there is a post office, a church, and a school having 125 pupils. A north and south public road crosses the railroad at this point, and there are about 80 families living within 2 miles of the railroad north and south thereof. The public road running from Start to Crew Lake is not always in good condition, and the people in and around Start are desirous of building up a community there and to have railroad facilities to that end.

The plaintiff claims that the traffic does not justify the stopping at that place, and that the cost of stopping averages $2 per stop, which exceeds the revenue derived from the traffic.

The Railroad Commission, after reconsideration, concluded that its order was reasonable, and that the alleged cost of stopping a train was too high; and the testimony shows that the west-bound train carries more parcel post than the east-bound, and stops about 95 per cent. of the time;

the east-bound train does not stop so often. It further shows that in the six months from April 1, 1920, to September 30, 1920, 1,678 passengers boarded or left the trains at Start and paid fares amounting to $470.58.

In Ellis v. Illinois C. R. R. Co., 10 Orleans App. 131, it was held that—

"The regulation of traffic by fixing the time and manner in which a railroad company shall carry persons and property, the price to be paid therefor, and the places at which its trains shall stop to receive and discharge the same, is a legislative and not a judicial function"—citing Atchison, Top. & S. F. R. Co. v. Denver & N. O. R. Co., 110 U. S. 681, 682, 4 Sup. Ct. 185, 28 L. Ed. 291.

[1] In this state that legislative, or quasi legislative, function has been vested by the Constitution in the Railroad Commission (now the Public Service Commission); and whatever jurisdiction the courts have over the subject-matter is only because of the authority vested in them to review the orders of said Commission.

[2] But inasmuch as such functions are by their nature legislative in character, and courts, owng to their methods of procedure, often cannot intelligently pass upon the advisability or propriety of regulations affecting the future as well as the present, it follows that courts should act slowly in substituting their own views and discretion for those of a body peculiarly constituted to act intelligently in such cases, and primarily charged with doing so, and that they ought never to interfere with such bodies except when their action is clearly arbitrary, or unreasonable to an extent which in effect makes them so. See, also, Lake Charles Ry. & Co. v. Reid, 152 La. 476, 93 South. 743, 745, 748.

## II.

[3, 4] In the case before us we see nothing arbitrary in the action of the Railroad Commission, nor do we see therein anything so clearly unreasonable as to amount to arbitrary action. We do not think the Constitution intended that all the details of operating a railroad should be justiciable in a court of law, and whoever appeals to the courts to set aside an order of the Commission issued in good faith and after due hearing should come prepared, not to show by a mere preponderance of evidence that the Commission may have erred, but even to show by a strong preponderance of evidence that the action of the commission is so clearly and grossly unreasonable as to be purely arbitrary. And we do not think the appellant has made any such showing in this case.

### Decree.

It is therefore ordered that the judgment appealed from be affirmed.