ROGERS, J.
 

 In the early part of May, 1924, the Thomas Gravel Company applied to the Louisiana Public Service Commission to compel the Red River & Gulf Railroad and the Christie & Eastern Railway Company to transport its sand and gravel which it had tendered for shipment at Walding, a station located on the former' railroad.
 

 On October 13, 1924, the Public Service Commission, of its own motion, cited the said railroad companies to show cause why they should not be ordered to accept shipments from connecting carriers generally.
 

 On October 24, 1924, the Thomas Grayel Company filed a motion to have the Crowell & Spencer Lumber Company, Limited, and the Peavy-Wilson Lumber Company, Incorporated, made parties to the original proceeding on the ground that the defendant railroad companies had set up, as a defense, certain contracts with said lumber companies, which they alleged operated as restrictions upon their transportation business. The motion was granted, and the said lumber companies were accordingly made parties of record.
 

 Both of these cases, the one founded upon the complaint of the Thomas Gravel Company, and the other instituted by the Commission itself, were fixed for hearing in the city of Shreveport on October 30, 1924, and notices to that effect were issued. Thereafter the Crowell & Spencer Lumber Company filed suit in the district court for the parish of East Baton Rouge, to enjoin the Commission from entertaining jurisdiction of or proceeding further in said cases, or from entering any order or decree therein; and to prohibit the Commission from hearing or instituting any proceedings, or rendering any orders or decrees enlarging, affecting or impairing the rights granted by the petitioner to the said Red River
 
 &
 
 Gulf Railroad, or ordering the said railroad company and the Christie & Eastern Railway Company to use the track of petitioner for any purpose other
 
 *679
 
 than that provided in said contracts. Petitioner further prayed that the said Commission be also enjoined from “now or hereafter’’ assuming jurisdiction, or instituting any proceeding, or rendering any orders or decrees subjecting its track, extending from Kurthwood in a westerly direction for a distance of five miles, to any use other than that provided for by said contracts, or requiring petitioner to operate as a common carrier over said track.
 

 Upon the filing of this suit the court below issued a temporary restraining order, together with a rule to show cause why preliminary writs of injunction should not issue as prayed for. Subsequently, after a hearing on the rule nisi, the preliminary writs sought were granted.
 

 The Public Service Commission and its individual members then ajJplied to this court for writs of certiorari, mandamus, and prohibition. Upon this application a rule nisi was issued, together with an order staying all further proceedings. Thereafter, the Commission rendered a decree declaring that the said lumber company and the said railroad companies were operating as common carriers, and requiring them
 
 to
 
 receive and transport all goods and commodities offered, subject
 
 to the
 
 tariffs, rules, and regulations prescribed by the Commission.
 

 After the rendition of this decree, upon motion of the Crowell & Spencer Lumber Company, Limited, this court ordered the Commission to show cause why its said decree should not be set aside and annulled, and at the same time, pending the hearing on said rule, prohibited the Commission from taking any steps to enforce its said order.
 

 The line of railroad operated by the Red River & Gulf Railroad extends from Kurthwood, in the parish of Vernon, as its western terminus, eastward to Long Leaf and Lecompte, in the parish of Rapides. At Long Leaf it connects with the Missouri Pacific Railroad, and at Lecompte it connects with the Texas Pacific, Southern Pacific, and Chicago, Rock Island & Pacific Railroads. The mill of the Crowell
 
 &
 
 Spencer Lumber Company is located at Long Leaf.
 

 The Christie & Eastern Railroad extends from Sandel or Christie, in the parish of Sabine, on the Kansas City Southern Railroad, eastward towards Peason in said parish.
 

 Between the western terminus of the Red River & Gulf Railroad, and the eastern terminus of the Christie & Eastern Railroad, and connecting the lines of said railroads, lie five miles of railroad track owned by the Crowell & Spencer Lumber Company, which is the subject of the present controversy.
 

 Under certain trackage agreements between the Red River & Gulf Railroad, the Christie & Eastern Railway Company, and the Crowell & Spencer Lumber Company, the said railroad companies obtained the use of the said five miles of track subject to the limitations and restrictions set forth in said contracts.
 

 The sole question before this court on the rule nisi issued upon the application of the Public Service Commission, and disregarding all extraneous matters sought to be set up, is whether the Commission is vested with jurisdiction to determine preliminarily that the Crowell & Spencer Lumber Company is engaged in, or its tracks are being used for the purpose of, the business of a common carrier. We think the Commission has that right. The question of who is common carrier vel non is one primarily of fact to be determined by the Commission, subject to review by the courts only when it has acted. See Standard Oil Co. v. Public Service Commission, 154 La. 557, 97 So. 859. This is bound to be so, because if the consideration of that issue could be taken away from .the Commission at any time, it would be hampered in its proceedings and com
 
 *681
 
 pellecl to adjourn its sessions, dismissing tlie witnesses summoned, causing delay and unnecessary expense, and requiring it to appear constantly in court to defend it anticipated actions.
 

 The Commission is a creature of the Constitution, which vested it with all the power and authority necessary to carry on its functions. It is not for the courts to stop officers of this kind from performing their statutory duty for fear that they should perform it wrongly. First National Bank v. Albright, 208 U. S. 548, 28 S. Ct. 849, 52 L. Ed. 614; Dalton Adding Machine Co. v. State Corporation Commission, 236 U. S. 699, 35 S. Ct. 480, 59 L. Ed. 797.
 

 In support of the contention that its suit was not prematurely brought, plaintiff cites the cases of State ex rel. Milling v. Louisiana Public Service Commission, 154 La. 752, 98 So. 175; Baton Kouge Waterworks Co. v. Louisiana Public Service Commission, 156 La. 539, 100 So. 710; Connell v. Commission Council, 153 La. 788, 96 So. 657. These cases, however, are not precisely in point. They are all cases in which the applications for injunctions were entertained prior to action by the Commission, or by the council, where, under the law, regardless of the existence or nonexistence of fact to be thereafter determined, the said Commission or council was without Jurisdiction or power to act.
 

 We are,- therefore, of the opinion that the district court exceeded its authority when it enjoined the Public Service Commission from hearing and determining preliminarily the question of whether the Eed Siver & Gulf Railroad, the Christie & Eastern Railway Company, and the Crowell & Spencer Lumber Company were engaged in the business of common carriers.
 

 The rule to show cause why the order issued by the Commission on November 17, 1924, should be made absolute, and said order annulled and set aside.
 

 The' order in question was rendered as the result of a hearing held at a time when the preliminary injunction was in effect, because of a misinterpretation by the Commission of the order rendered by this court upon its application invoking the supervisory powers of this court. That order did not have the effect of vacating the preliminary writs of injunction. It was intended to preserve the‘existing status, until this court could have an opportunity of hearing the parties and determining the issues between them.
 

 At the hearing before the Commission, neither the Red River & Gulf Railroad nor the Crowell & Spencer Lumber Company Limited, appeared, because of the injunction issued by the district court for the parish of East Baton Rouge, and the Christie & Eastern Railway Company appears to have made only a perfunctory defense after the cause had been ordered to trial over its objection that the injunction in question operated as a bar to the proceedings at that time. In these circumstances, we think the proceedings of said hearing should be set aside, and a new hearing had in order that all parties in interest may have an opportunity to be heard before the Commission.
 

 For the reasons assigned, the writs herein applied for by the Public Service Commission are made peremptory, and, accordingly, the restraining orders and writs of injunction issued in the suit of the Crowell & Spencer Lumber Company, Ltd., v. Louisiana Public Service Commission et al., No. 8013 of the docket of the Twenty-Second judicial district court for the parish of East Baton Rouge, are hereby vacated and set aside, and the judge of said court is prohibited from entertaining jurisdiction or proceeding further in said suit. All costs to be paid by plaintiff, the Crowell & Spencer Lumber Company, Limited.
 

 It is further ordered that the rule herein taken by the Crowell & Spencer Lumber
 
 *683
 
 Company, Limited, against the Public Service Commission of Louisiana be made absolute, and, accordingly, that the order No. 268 issued by said Commission on the 17tb day of November, 1924, be and the same is hereby annulled, and the proceedings of the hearing on which it was based are set aside.
 

 ST. PAUL, J., concurs in the result.