(116 So. 720)

No. 28444.

**MORGAN'S LOUISIANA & TEXAS R. & S. S. CO. et al. v. LOUISIANA PUBLIC SERVICE COMMISSION.**

April 9, 1928.

Denegre, Leovy & Chaffe, of New Orleans, for appellants.

Francis Williams, of New Orleans (Chas. M. Ward, of New Orleans, of counsel), for appellee.

ST. PAUL, J. On April 11, 1924, the defendant reinstated a previous order (suspended by the United States railroad administration, whilst the railroads were under government control) allowing passengers 48 hours free time for removal of baggage, which order is, of course, applicable only to such passenger service as is under the jurisdiction of defendant, to wit, *intrastate* passenger service.

Plaintiffs seek to have said order annulled as being *unreasonable* in itself and discriminating against *interstate* passengers.

### I.

In Vicksburg, S. & P. Ry. Co. v. R. R. Commission, 153 La. 983, 96 So. 832, we held that it was not within the province of the courts to interfere with Public Service Commissions acting within the scope of their authority, "except when their action is clearly arbitrary, or unreasonable to an extent which in effect makes it so."

In the case before us, the action of the defendant was not arbitrary; for its order was put in effect only after a full and free hearing of all parties interested, and we see nothing in the order itself, or in the testimony taken on the trial of the case, which leads us to conclude that the order is wholly unreasonable or unreasonable at all.

· The sum and substance of the differences between the railroads and the commission is that the former believe that the public will be better served and less inconvenienced if passengers be required to remove their baggage within 24 hours, and the latter believe otherwise.

But since the right to prescribe regulations of that sort is vested in the commission, it follows that in such conflict of opinion that of the commission must prevail.

It is said that the rule is unreasonable because more than 95 per cent. of all passengers do not find it necessary to take advantage of it. But that is no criterion. The question is whether or not the rule works to the disadvantage and inconvenience of these 95 per cent.; and the evidence is that it does not, but that the rule does work to the great advantage and convenience of the other 5 per cent. On the other hand, the fact that only 5 per cent. of the passengers take advantage of the rule shows that the rule works no appreciable hardship on the carriers.

In our opinion, the rule is not unreasonable.

## II.

As to the charge that the rule discriminates against *interstate* passengers because the rule does not apply to them, and they are allowed only 24 hours by the Interstate Commerce Commission, that is fitting the shoe to the wrong foot. For the Public Service Commission has made its rule general, and it is not applicable to interstate passengers *only* because the Interstate Commerce Commission has otherwise ordered; so that it is the order of the latter commission, and not that of the former, which works the discrimination suggested.

The condition can therefore be corrected (if need be) only by the Interstate Commerce Commission, and not by the courts. For that body may either extend the limit prescribed by itself (either in states granting a longer time, or generally), or, if it finds that the state rule interferes with interstate commerce *unduly*, it may abrogate the state rule. Interstate Commerce Act, § 13, par. 4 (49 USCA § 13 [4]; U. S. Comp. St. § 8581 [4]).

## III.

We are not impressed by the opinion in A., T. & S. F. Ry. Co. v. Pub. Ser. Com. (Mo. Sup.) 192 S. W. 460. It is the opinion of two judges out of seven, four others concurring only in the result, and one dissenting. We prefer to follow our own views as above set forth, which views appear to accord with those of the district judge, who dismissed plaintiff's suit.

### Decree.

The judgment appealed from is therefore affirmed.