BRUNOT, Justice.
 

 The plaintiff is engaged in operating five industrial plants, steam laundries, in the city of Shreveport, La., in which it consumes natural gas that is purchased from and distributed by the defendant. The Public Service Commission has fixed the rates for gas so consumed, and the price decreases as the consumption increases. Plaintiff’s laundries are widely separated, with separate meters and separate pipe lines leading to each plant. The plaintiff contends that it should be charged for the gas consumed by it on the rate basis for its total consumption in its five plants, but that it has paid the defendant, under protest, on the rate based upon the consumption of each plant, and has therefore overpaid the defendant $2,192.95, for which it prays for judgment against the defendant, and for an injunction restraining the defendant from demanding payment for gas consumed by it on the basis of separate meter measurement of each of its plants.
 

 Defendant excepted to the jurisdiction of the court ratione materise upon the ground that the suit was not an appeal from or an attack upon an order of the Louisiana Public Service Commission, and also excepted to the petition as not disclosing a right or cause of action. The exception to the jurisdiction of the court was overruled, but the exception of no right of action was maintained, and the suit dismissed. The appeal is from that judgment.
 

 The defendant does not deny that it is subject to the jurisdiction of the Public Service Commission of this state. It does not question any part of the authority and powers conferred upon the commission by the Constitution. Therefore the only question presented by defendant’s exception to the jurisdiction of the court is whether or not plaintiff should have first applied to the commission for relief before resorting to the courts.
 

 This suit grows out of the use, in the order of the commission fixing the rate to be charged for the consumption of gas, of the words “each consumer.” Whether or not those words mean the owner of manufacturing plants located in every city of Louisiana, or several plants located in different parts of one city, or whether or not they apply .to each independent manufacturing plant, presents- a question of interpretation which, ive think, should be answered primarily by the Public Service Commission. It is the jurisprudence of this state that, until a plaintiff has exhausted his available remedies before the commission, he cannot resort to the courts. State ex rel. Tate et al. v. BrooksScanlon Co. et al., 143 La. 539, 78 So. 847; Vicksburg, S. & P. Ry. Co. v. Railroad Commission of Louisiana, 153 La. 983, 96 So. 832; Standard Oil Co. of Louisiana v. Louisiana Public Service Commission, 154 La. 557, 97 So. 859; Crowell & Spencer Lumber Co., Inc., v. Louisiana Public Service Commission et al., 157 La. 676, 102 So. 866.
 

 For the reasons assigned, the exception to the jurisdiction of the court ratione materise, filed herein, should have been maintained, but, inasmuch as the lower court held that plaintiff had no right of action and dismissed
 
 *997
 
 the suit for that reason, it would serve no purpose to disturb the judgment. It is therefore decreed that the judgment appealed from be and it is affirmed, at appellant’s cost.
 

 O’NIELL, C. J., absent during the argument, takes no part.
 

 ST. PAUL, J., absent on account of illness, takes no part.