ODOM, Justice.
 

 Plaintiff owns and operates a sand and gravel plant at Watt’s Station on the line of the Yazoo & Mississippi Valley Railroad .Company, and from April 1, 1928, to December 31, 1931, shipped over said railroad more than 11,000 cars of sand and gravel. The railroad company owns ample sidings, but no terminal or switching facilities for carrying the sand and gravel from the plant to the railroad. Plaintiff built at its own expense terminal and switching tracks from its plant to the railroad, and from 1928 to 1931 performed all switching services without compensation from the railroad company.
 

 On July 16, 1932, plaintiff filed a complaint with the Louisiana Public Service Commission in which it set out the above facts, and alleged that the railroad company in fixing freight rates on sand and gravel shipped out by plaintiff over its road had included charges for terminal and switching services which it had not performed, but which services had been performed by plaintiff; said services being worth $4.05 per car. Plaintiff further alleged that the railroad company should reimburse it for its services in switching the cars at $4.05 per car, or a total amount of $46,566.90, and prayed that the Public Service Commission grant it a money award for that amount against the carrier.
 

 
 *527
 
 In paragraph 21 of its petition filed with the Public Service Commission, plaintiff alleged that it was entitled to a decree fixing a rate or charge of $4.05 for each car of sand or gravel to be paid to it by the carrier for the service of switching the cars.
 

 It is stated in briefs filed that the carrier filed an exception to the jurisdiction of the commission ratione materia;, which related only to the claim for a money award, and that this exception was overruled.
 

 The railroad company then pleaded prescription of one year in bar of all claims which arose more than one year prior to the date on which the complaint was filed with the commission. This plea was sustained by the commission.
 

 Plaintiff then filed suit against the commission in the district court of East Baton Rouge parish, where the commission has its domicile, asking that the court review the order of the commission sustaining the plea of prescription. The commission filed an exception to the jurisdiction of the district court ratione materias, which exception was sustained by the court, and plaintiff’s suit was dismissed. From this judgment of the district court sustaining the exception to its jurisdiction and dismissing the suit, plaintiff appealed to this court.
 

 The only question before us is whether the district court had jurisdiction to review the order of the commission sustaining the plea of prescription filed by the railroad company.
 

 Under section 4, art. 6, of the Constitution of 1921, the Louisiana Public Service Commission has and may exercise all necessary power and authority to supervise, govern, regulate, and control common carriers and 'public utilities, and to make orders fixing rates, fares, tolls, or charges for services rendered by them. Section 5 of the article provides that: “Any party in interest may appeal from orders and decrees of the Commission to the courts by filing suit * * * against the Commission at its domicile.”
 

 It is clear, therefore, that the courts have jurisdiction to review all such orders of the commission as it has authority to make, except such orders or rules as may be adopted for its own procedure. State ex rel. Tate et al. v. Brooks-Scanlon Co., 143 La. 539, 78 So. 847; Standard Oil Co. of Louisiana v. Louisiana Public Service Commission, 154 La. 557, 97 So. 859.
 

 The district judge did not assign written reasons for his refusal to review the order of the commission in sustaining the plea of prescription.' But in view of the plain provisions of the Constitution and the rulings of this court, he must have thought that the commission had no authority to make the order which it did in this case, and of course if the commission had no authority to make the order, the court had no jurisdiction to review it.
 

 
 *529
 
 Counsel for the commission in his argument before this court and in his brief says that under the Constitution the commission has no jurisdiction to entertain money demands. It was so held by this court in the case of Morrison Cafeteria v. Louisiana Public Service Commission, 181 La. 932, 160 So. 634, decided by this court March 4, 1935.
 

 But counsel says that plaintiff’s demand for $46,566.90 against the railroad is in the nature of a demand for “money damages,” and that the commission was vested with jurisdiction and was authorized to pass on the plea of prescription and to enter the order it did, by Act No. 175 of 1912. We do not think so.
 

 Of course, if the commission was vested with jurisdiction to entertain the money demand made' by the plaintiff against the railroad company, it had jurisdiction to pass on the plea of prescription. Act No. 175 of 1912 does not confer jurisdiction on 'the commission to pass on such money demand as was made by plaintiff against the railroad in this case.
 

 The object of that act, as clearly expressed in its title, is to “authorize and empower the Railroad Commission of Louisiana [now the Louisiana Public Service Commission] to determine and award to shippers or consignees,
 
 money damages arising from violation of rates, classifications, rules, regulations or orders
 
 adopted by the Commission.” (Italics ours.)
 

 Section 1 of the act provides that “any person, firm, corporation * * * complaining of anything done or omitted to be done by any railroad * * * or other corporation or individual subject to regulation and control by the Railroad Commission of Louisiana,
 
 in contravention of any order, rule, regulation, rate, or classification
 
 adopted or approved by the Railroad Commission of Louisiana” may apply to the commission by petition setting forth the facts, which petition or statement of the complaint thus made shall be forwarded by the commission to the common carrier alleged to have violated some order, rule, rate, or regulation made by the commission. It is further provided that the common carrier shall be called upon by the commission to satisfy the complaint or to answer the same in writing within a reasonable time to be specified by the commission, and that if such carrier shall make reparation for the injury alleged to have been done, the carrier shall be relieved of liability to the complainant for the particular violation complained of. It is further provided that if the complaint is not satisfied within the time specified, “or there shall appear to be any reasonable ground for investigation of complaint, it shall be the duty of the Commission to investigate the matters complained of in such manner and by such means as it shall deem proper.”
 

 Séction 2 of the act provides that after hearing on the complaint, if the commission shall determine that any party com
 
 *531
 
 plainant is “entitled to an award of damages for violation of any of the orders, rules, regulations, rates, or classifications adopted or approved by it, the Railroad Commission shall make an order directing the railroad * * * to pay to the complainant the sum to which he is entitled on or before a day named.”
 

 It is perfectly clear that the only money demand which this act authorizes the commission to entertain is a money demand for damages resulting from a violation of the orders of the commission fixing rates, classifications, rules, regulations, etc.
 

 Plaintiff is not claiming that the carrier damaged it by violating any rule, regulation, or order made by the commission. In fact, dt appears from the pleadings that the commission has never made any rules or regulations relating to the switching of cars at Watt’s Station, or determined what, if anything, the carrier should pay plaintiff for the services of switching the cars. It is therefore clear that the commission has no jurisdiction under Act No. 175 of 1912 to entertain plaintiff’s demand for a money award, and, having no jurisdiction to entertain the demand, it could enter no 'valid order in connection therewith. For that reason, we assume, the district court sustained the exception to its jurisdiction filed by the commission.
 

 The ruling of the district court is correct, and is affirmed.