[Civil No. 3686.   Filed January 20, 1936.]

[53 Pac. (2d) 731.]

D. G. CHALMERS, Justice of the Peace, and JUS-
TICE COURT OF TUCSON PRECINCT, PIMA
COUNTY, ARIZONA, Petitioners, v. M. T.
PHELPS, LEE N. STRATTON and WILLIAM
G. HALL, Judges, and the SUPERIOR COURT
OF PIMA COUNTY, ARIZONA, Respondents.

Messrs. Kimble & McLean, for Petitioners.

Mr. H. O. Juliani, for Respondents.

LOCKWOOD, C. J.—D. G. Chalmers filed a peti-
tion in this court for an original writ of *certiorari,*
directed to the superior court of Pima county, and

William G. Hall, Lee N. Stratton, and M. T. Phelps as regular and acting judges of such court. The alternative writ was issued, and the matter is before us upon the return thereto.

The questions presented for our determination of the case are legal only in their nature, the material facts not being in dispute, and we state these facts as follows: Petitioner was and is the duly elected, qualified, and acting justice of the justice court of Tucson precinct, in Pima county. On April 17, 1935, one J. E. Kinnison recovered a judgment in said court against Tom June for $199.99, together with his costs therein. The defendant attempted to appeal from such judgment, and the validity of the appeal and the jurisdiction of the superior court of Pima county to entertain it was brought before us on *certiorari*. We held in the case of *Kinnison* v. *Superior Court of Pima County*, 46 Ariz. 133, 46 Pac. (2d) 1087, that the appeal had been taken too late and the superior court had no jurisdiction to entertain it. The superior court, in pursuance of the judgment of this court, therefore, dismissed the appeal. Shortly thereafter defendant June filed in the superior court an application for a writ of prohibition against the enforcement of the judgment of the justice court, alleging that it was void for lack of jurisdiction, and setting up in his petition the grounds upon which he claimed it to be void. The superior court issued the usual alternative writ of prohibition and set the return day thereon for the 13th of July. The matter was heard upon such return, and on the 2d day of August the following orders were made by the superior court:

"Application by the petitioner, Tom June, for a Writ of Prohibition, having been heretofore presented to the Court, and the Court being now fully advised

in the premises, it is ordered that said Writ of Prohibition be, and the same is hereby denied.

"Counsel for the petitioner thereupon, in open court, gave oral notice of appeal.

"It is ordered that bond for costs herein be fixed in the sum of Fifty Dollars, and

"It is further ordered that if counsel desires a *supersedeas* bond, same is fixed in the sum of Four Hundred Dollars.

"It is ordered that stay of execution in this case be granted for a period of ten days. Comes now H. O. Juliani, Esquire, counsel for the petitioner, and comes also Nolen McLean, Esquire, of Kimble & McLean, counsel for the respondents, and It is ordered that the former order covering cost bond on appeal, and *supersedeas* bond, be, and it is hereby revoked.

"It is now ordered that cost bond on appeal be fixed in the sum of Fifty Dollars and that *supersedeas* bond be also fixed in the sum of Fifty Dollars."

Counsel for Kinnison moved that the order fixing the *supersedeas* bond and granting a stay of execution be revoked, but on September 30th this motion was finally denied. Thereupon this petition for *certiorari* was filed with us.

The sole question which we need consider is whether or not the superior court of Pima county had the jurisdiction to grant a *supersedeas* on an appeal taken from an order denying the writ of prohibition. If it had, its action may not be questioned in *certiorari*. If it had not, then *certiorari* is the proper remedy to be pursued, for an order granting a *supersedeas* and fixing the bond therefor is not an appealable order. Section 3659, Rev. Code 1928. Sections 3669, 3670, Revised Code 1928, set forth the manner in which *supersedeas* may be allowed where the order or judgment it is attempted to supersede is not one for the payment of money. We have discussed the general object and effect of *supersedeas*

in the case of *Gotthelf* v. *Fickett*, 37 Ariz. 322, 294 Pac. 837, 839, as follows:

"This court has considered the general object and effect of a *supersedeas* bond in the case of *Colvin* v. *Weigold*, 31 Ariz. 370, 253 Pac. 633, 635, wherein we state as follows:

" 'The object and effect of a *supersedeas*, as stated in *Runyon* v. *Bennett*, 4 Dana (Ky.), 598, 29 Am. Dec. 431, are: "To stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual."

" 'In 3 C. J. 1323, § 1450, it is said: "In some jurisdictions the execution is superseded and the levy discharged, but the prevailing rule is that the *supersedeas*, since it does not annul or undo what has already been done, does not discharge the previous levy or the lien thereby acquired, but merely suspends further proceedings under the same. Of course, if the execution has not been levied, it is entirely superseded; and on the other hand, if the judgment has been completely executed by levy and sale, there is nothing upon which a *supersedeas* can operate, and it will be ineffectual." ' "

It appears therefrom that it should be granted when it is desired to stay further action or proceeding upon a judgment or order, but that it should be denied when nothing further remains to be done and its only possible value to the petitioner therefor would be the undoing of something which has already been done. The law does not do a vain thing. When a petition for a writ of prohibition is filed in a court, the procedure in the different states varies. In some jurisdictions, the usual practice is to issue a rule to show cause why the writ should not be granted, which will afterwards be made absolute or discharged, according to the circumstances of the case. This rule to show cause is not of itself a writ, but is merely

a necessary preliminary notice to inform the defendant that the writ has been applied for. In other jurisdictions, the practice is to issue a temporary writ, usually called an "alternative writ" to distinguish it from a "writ absolute." When it is served, it operates as a prohibition, completely suspending the jurisdiction of the lower court until the further order of the higher one, and preserves the existing status of the proceedings as of the time of service until the higher tribunal has either granted or denied the permanent writ. *Crowell & Spencer Lumber Co.* v. *Louisiana Public Service Com.*, 157 La. 676, 102 So. 866. It would seem to follow from the very nature and purpose of the alternative writ that the moment the court makes an order, either granting or denying the permanent writ, the alternative writ *ipso facto* becomes null and void. Indeed, so far as we are advised, courts take this as axiomatic, for we have never heard of a case wherein the temporary writ was considered for any purpose after the final ruling of the court upon the permanent writ, and this is but logical, for since the only purpose of the temporary writ is to preserve the *status quo* until the court has acted one way or the other upon the permanent writ, it could serve no purpose whatever after such action. We think, therefore, that the automatic effect of an order granting or denying a permanent writ of prohibition is to quash the temporary writ. When, therefore, in the present case, the court made its order denying the permanent writ of prohibition, there remained nothing further to be done to dispose of the temporary one. It was automatically quashed thereby. Such being the case, and there being nothing further which was to be done or could be done by virtue of the order of the court which is appealed from, there was nothing to supersede, for *supersedeas*

is to prevent the doing of a future act and not to undo what has already been done.

 We hold, therefore, that the superior court of Pima county had no jurisdiction to grant a *supersedeas* of its order denying the writ of prohibition on the appeal of June from such order, and that petitioner Chalmers was free to do whatever the law might require in regard to the judgment in his court theretofore rendered against defendant June, anything in the proceedings for prohibition notwithstanding.

Such being the case, all proceedings in the superior court of Pima county attempting to grant a *supersedeas* and stay of execution in the appeal taken by June from its order denying the writ of prohibition are declared to be null and void.

McALISTER and ROSS, JJ., concur.