17 So.2d 622

**PORTER v. O'NEAL.**

No. 37184.

March 13, 1944.

446

⊜ 19½

Frank H. Peterman and William C. Roberts, both of Alexandria, for plaintiff and appellant.

Polk & Robinson, of Alexandria, for defendant and appellee.

FOURNET, Justice.

The plaintiff, Willie Porter, having obtained from the Louisiana Public Service

Commission, pursuant to the provisions of Act No. 301 of 1938, a certificate of public convenience and necessity authorizing him to operate a public service passenger and freight motor line between fixed termini over Louisiana highways Nos. 57 and 123, including the route between Pineville and Wardville, over which the defendant, Rubin M. O'Neal, in his passenger bus operations within the town of Pineville and a radius of seven miles thereof under a franchise from the town, runs, seeks by this injunctive proceeding to enjoin the defendant from continuing his operations in so far as such service conflicts with the rights granted him under the certificate from the commission.

In answer to the rule to show cause why the relief sought should not be granted, the defendant filed a plea to the jurisdiction of the court, exceptions of no cause and no right of action, and an exception of prematurity. Reserving his rights under these pleas, he filed an answer.

The trial judge concluded that the plaintiff was without right to resort to the courts under the jurisprudence of this state (Standard Oil Company of Louisiana v. Louisiana Public Service Commission, 154 La. 557, 97 So. 859; Crowell & Spencer Lumber Co., Inc., v. Louisiana Public Service Commission, 157 La. 676, 102 So. 866; and Shreveport Laundries, Inc., v. Southern Cities Distributing Company, 176 La. 994, 147 So. 56), since he had failed to exhaust his remedies before the commission, and maintained the defendant's plea to the jurisdiction, remarking that since the Louisiána Public Service Com-

mission had the power to grant the plaintiff's certificate, it was charged with the duty of protecting him in the rights thus granted.

Counsel for the plaintiff contend that under this holding he would be compelled to litigate with the commission instead of with the defendant, a wholly unnecessary, expensive, and circuitous procedure that is not sanctioned by the constitution since the plaintiff is seeking an interpretation of an act of the legislature, Act No. 301 of 1938, and is neither appealing from an order of the commission nor attempting to set aside any decree of that body.

The drafters of the Constitution of 1921, in Article VI, under the heading "Administrative Officers and Boards," created the Louisiana Public Service Commission, Section 3, and gave it full control over all common carriers and public utilities in the state, except as otherwise therein provided, clothing the commission with the power to adopt and enforce such rules and regulations and modes of procedure as it might deem fit for the proper discharge of its duties. Section 4 The legislature, availing itself of the provisions of this section (4) authorizing it to place other public utilities under the jurisdiction of the Louisiana Public Service Commission than those specifically designated in the constitution, adopted its Act No. 301 of 1938 giving the commission supervision, regulation, and control over all for-hire motor carrier transportation upon the public highways and bridges of this state. Under the express provisions of Section 5 of this act, it is declared that no motor

carrier shall, after the effective date thereof, operate as a common carrier or a contract carrier without first obtaining from the commission "a certificate of public convenience and necessity," and under subsection (i) of Section 2 it is stated that the term "Motor Carriers" includes "both a common carrier by motor vehicle and a contract carrier by motor vehicle, or any other classification of carriers created by law, operating for compensation or hire or any other for hire carrier operation." Under subsection (j) it is declared that "The term 'Common Carrier by Motor Vehicle' shall be held deemed and construed to mean any person, the essential nature of whose business or operations comprises engaging in, soliciting or accepting persons or property for transportation for hire, charge or compensation as an employment or holding himself out as so available to the public generally and indiscriminately for such operations, whether or not such business or operations be conducted over a regular route, between fixed termini, within a defined area, or upon a regular or irregular schedule, except where such business is conducted exclusively within the corporate limits of an incorporated municipality and/or within a radius of seven (7) miles of the limits of an incorporated city, town or village; provided that any person who shall, with or without specific contracts, furnish such transportation to more than five (5) separate shippers of property or more than five (5) passengers shall be, prima facie, held and deemed to be a common carrier and the burden shall rest upon him to show by a clear preponderance and to the satis-

faction of the Commission that the character of his operations is not that of a common carrier."

In his written reasons for judgment, the trial judge pointed out that "Upon the trial of the rule, all of the pertinent facts were admitted and especially that the plaintiff had a certificate of public convenience and necessity from the Public Service Commission to operate as a common carrier by motor vehicle over the routes as alleged in the plaintiff's petition, and that the defendant is operating a bus with a seating capacity of more than seven (7) passengers in competition to the plaintiff over plaintiff's certificated route from Pineville to Wardville; that the operation of defendant's bus in opposition to and in competition with the plaintiff, was confined wholly within a radius of seven (7) miles of the corporate limits of the Town of Pineville."

The dispute between these two carriers is clearly a matter that falls within the province of the Louisiana Public Service Commission for, under Section 4 of Article VI of the Constitution of 1921, it is declared: "The power, authority, and duties of the Commission shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by the common carriers and public utilities hereby, or which may hereafter be made subject to supervision, regulation and control by the Commission."

We do not think that the jurisdiction of the courts should be invoked where the commission is clearly authorized to act unless the commission, by its action, should

ignore some fundamental right or invade some constitutional guarantee.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the plaintiff.

O'NIELL, C. J., concurs in the decree.