223 So.2d 810

**LOUISIANA GAS SERVICE COMPANY**

**v.**

**The POLARIS CORPORATION et al.**

**LOUISIANA GAS SERVICE COMPANY**

**v.**

**DIXIE GAS COMPANY, Inc., et al.**

**Nos. 49650, 49651.**

June 9, 1969.

Rehearings Denied June 27, 1969.

1. Louisiana Gas Service Company will be referred to hereinafter as Gas Service.

2. The Polaris Corporation will be referred to hereinafter as Polaris.

George T. Oubre, Norco, Monroe & Lemann, Andrew P. Carter, Eugene G. Taggart, C. King Mallory, New Orleans, for plaintiff-appellant.

Joseph H. Kavanaugh, Marshall B. Brinkley, Benton & Moseley, Baton Rouge, Ralph R. Miller, Norco, for defendants-appellees.

FOURNET, Chief Justice.

Louisiana Gas Service Company [1] prosecutes this appeal from the judgment of the Nineteenth Judicial District Court dismissing the two above entitled cases consolidated for trial on pleas of prematurity filed by the respective defendants, the Polaris Corporation,[2] and the Dixie Gas Company,[3] in both of which the Louisiana Public Service Commission [4] was a party defendant.

Counsel for appellant in arguing that the trial judge erroneously maintained the exception of prematurity contends that the courts should enjoin the Commission when it acts or threatens to act without authority, such as (1) granting exclusive franchise or privilege, or (2) prohibiting a util-

3. The Dixie Gas Company will be referred to hereinafter as Dixie.

4. The Louisiana Public Service Commission will be referred to hereinafter as the Commission.

ity from doing business in an area where it has a valid franchise or (3) issuing "cease and desist orders" except where the utility is violating a law of the state or any of the reasonable and lawful rules of the Commission, citing as authority therefor the decision of this court in the case of Richland Gas Co. v. Hale, 169 La. 300, 125 So. 130.

We find it unnecessary to give the sequence of the innumerable events that gave rise to the litigation under controversy. Suffice it to say that when Order No. 10,-091 [5] was issued on October 2, 1968 after a

hearing by the Commission on the complaint of Polaris who had been negotiating for over a year to supply gas service to the Willowdale Country Club Subdivision, the first suit was filed by Gas Service on October 9, 1968,[6] bearing docket number 129,-979 of the district court, and subsequently amended on January 6, 1969, seeking to enjoin the Commission from enforcing said order and continuing with proceedings in case no. 10,379 [7] on its docket and Polaris from acting under the order or in any way interfering with Gas Service furnishing natural gas in the area of Willowdale Coun-

5. Order No. 10,091 provides: "It was the opinion of the Commission that the defendant, Louisiana Gas Service Company, should be required to cease negotiations for natural gas service to the Willowdale Country Club Subdivision * * *, since the Polaris Corporation has facilities adjacent to the subdivision and the Commissions' General Order of 1954 states specifically: 'That no extension of mains shall be made by a water or gas utility that will duplicate the service of another like utility serving the same commodity, nor shall extensions be made to serve customers that could be served by a public utility already in existence in an economic and justifiable manner.'

"IT IS ACCORDINGLY ORDERED, that:

"Permanent natural gas service to Willowdale Country Club subdivision, located south of Highway 90 in Saint Charles Parish, shall be rendered exclusively by the Polaris Corporation, and it is further "ORDERED, that the said Polaris Corporation shall proceed promptly and diligently to furnish such service, and it is further

"ORDERED, that United Gas Pipe Line Company is hereby relieved from the prohibition of rendering a tap to its natural gas transmission facilities in the vicinity of Willowdale Country Club subdivision imposed by the Commission in this matter."

6. On this same day Gas Service also filed in the district court an appeal for judicial review of the proceedings of the Commission in issuing Order No. 10,091 which bears number 129,978 on the docket of the district court and is presently pending in that court.

7. After suit had been filed with respect to Order No. 10,091 Polaris filed another complaint with the Commission concerning Gas Service's extension of gas mains in the direction of Willowdale but not in its immediate vicinity and the Commission then issued, on December 31 in docket no. 10,379, an order to Gas Service providing: "YOU ARE HEREBY COMMANDED TO CEASE AND DESIST from any further construction or operation of a gas main laid by your company along U. S. Highway 90 from St. Charles-Jefferson Parish line westwardly to and including Willowdale Subdivision, pending full hearing in the above case * * *."

try Club Subdivision. The second suit, bearing docket number 131,619 of the district court, similarly seeks to restrain the Commission from continuing with proceedings in case no. 10,377 [8] on their docket and to enjoin Dixie from engaging in activities that interfere with or deprive petitioner of its rights under its franchise from the St. Charles Parish Police Jury for the distribution of gas in the Parish.

The action of the trial judge in maintaining the pleas of prematurity only affected the matter pending before the Commission with respect to cases number 10,377 and 10,379 on its docket, reported in footnotes 7 and 8 respectively, in which no hearing has yet taken place,[9] thus leaving

for consideration the appeal of Gas Service filed on October 9 for review of the action of the Commission in issuance of Order No. 10,091 now pending in the district court bearing docket number 129,978.[10]

A perusal of the Hale case will readily disclose that it is inapposite from a factual as well as a legal standpoint. While this court expressly recognized that "the commission has the power to supervise and regulate public utilities as it finds them," it held that the Commission was without authority to grant gas franchise as that power was vested by the Legislature in the municipalities of the State.

In the instant case we find no error in the ruling of the trial judge in sustaining

8. Likewise, after suit had been filed with respect to Order No. 10,091 Dixie filed a complaint with the Commission concerning Gas Service's extension of gas mains in the direction of Willowdale but not in its immediate vicinity and the Commission then issued, on December 20, 1968 in docket no. 10,377, an order to Gas Service providing: "YOU ARE HEREBY COMMANDED TO CEASE AND DESIST from any further construction or operations of a gas main laid by your company along U.S. Hwy. 61 extended from the Jefferson Parish-St. Charles Parish line west for a distance of some six-tenths of a mile, pending full hearing in the above case which will be held by this Commission at a future date yet to be set. * * *."

9. This court observed in the case of Shreveport Laundries, Inc. v. Southern Cities Distributing Co., 176 La. 994, 147 So. 56, that "It is the jurisprudence of this state that, until a plaintiff has exhausted his available remedies before the commission, he cannot resort to the

courts." See also, State ex rel. Tate et al. v. Brooks-Scanlon Co. et al., 143 La. 539, 78 So. 847; Crowell & Spencer Lumber Co., Inc. v. Louisiana Public Service Commission, 157 La. 676, 102 So. 866.

10. On October 21, 1968 the Commission issued Order No. 10,115 providing: "Pending final decision of the Court involving order number 10,091 and until the order becomes final and the prevailing party has the facilities to serve the area, IT IS ORDERED, that: "Louisiana Gas Service Company render gas service to Willowdale Country Club subdivision, and that such service shall in no way prejudice the rights of the parties, The Polaris Corporation or Louisiana Gas Service Company in any of the issues raised in this matter, or in the conclusion reached by the Commission in its order number 10,091."

Following issuance of this order Polaris Corporation stipulated that it would be guided thereby and accordingly would not act under Order number 10,091.

the pleas of prematurity. Under the express provisions of Section 4 of Article 6 of the Constitution of 1921 [11] the dispute between the two gas companies is clearly a matter that falls within the primary jurisdiction of the Louisiana Public Service Commission and until plaintiff has exhausted its available remedies there, it cannot resort to the courts. See, Shreveport Laundries, Inc. v. Southern Cities Distributing Co., reported in footnote 9, and Vicksburg S. & P. Co. v. Railroad Commission, 153 La. 983, 96 So. 832.

For the reasons assigned the judgment of the district court is affirmed.

SANDERS, J., did not participate.

BARHAM, Justice (dissenting).

The majority has concluded quickly and succinctly that "* * * the dispute between the two gas companies is clearly a matter that falls within the primary jurisdiction of the Louisiana Public Service Commission", and that pleas of prematurity to plaintiff's petition for injunctive relief were therefore properly

sustained by the district court. I cannot determine from the opinion why or how the majority has reached these conclusions.

Plaintiff has requested a district court to issue a preliminary injunction against an administrative body, urging that it is acting in excess of its authority and in derogation of petitioner's constitutional rights, and that its action is detrimental and injurious to the petitioner. The record before the district court and before us for review, which must form the basis for the court's ruling on the pleas of prematurity, is insufficient to sustain such a plea, for without a hearing upon the plaintiff's petition for injunctive relief there can be no determination of the question whether the Public Service Commission is acting in excess of its constitutional authority. The courts are the proper forum for the resolution of that question, and not the Public Service Commission.

What we said in Standard Oil Co. of Louisiana v. Louisiana Public Service Com'n, 154 La. 557, 570, 97 So. 859, 864, is applicable to the instant case under plaintiff's allegation of lack of jurisdic-

---

11. "The Commission shall have and exercise all necessary power and authority to supervise, govern, regulate and control all * * * gas * * * and other public utilities in the State of Louisiana, * * *. The power, authority, and duties of the Commission shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by the common carriers and public utilities hereby, or which may hereafter be made subject to the supervision, regulation and control of the Commission, * * *. The said Commission shall have power to adopt and enforce such reasonable rules, regulations and modes of procedure as it may deem proper for the discharge of its duties, * * *."

tion in the Public Service Commission and its additional allegation that that body was acting in derogation of the plaintiff's fundamental rights and constitutional guarantees:

"Within its sphere and as to these matters of which it is clearly given jurisdiction, the Commission's powers of determination are no less extensive than those of the trial courts; but as to matters over which it has no jurisdiction, it may be restrained from acting, *and the proper court to exercise that restraint, as a matter of original jurisdiction, is the district court of East Baton Rouge parish*, subject to review by appeal or under the supervisory powers of this court, as the conditions may require. But, in those extreme cases, *even where it has jurisdiction*, in which some fundamental right is invaded or denied, *the courts may intervene to compel a recognition of constitutional guaranties.*" (Emphasis supplied.)

It is not for us to decide here whether a preliminary injunction should issue, whether the Commission is acting in excess of its authority and without jurisdiction, whether it is acting in derogation of fundamental and constitutional rights. We are asked to decide only whether the plaintiff has a right to a hearing upon these issues before a judicial tribunal. The allegations of the petition place at issue matters which are exclusively within the province of the court, and which are not proper for consideration by any administrative body. Therefore the pleas of prematurity are without merit and should have been overruled.

I respectfully dissent.