LOTTINGER, Judge.
This is an action for injunctive and monetary relief by plaintiff, Central Louisiana Electric Company, Inc. (CLECO), to enjoin the operation of defendant, Teche Electric Cooperative, Inc. (Teche), within the annexed city limits of defendant, City of Franklin (Franklin). From a trial court determination that denied Teche’s declina- *782 tory exception raising the objection of lack of jurisdiction over the subject matter and CLECO’s request for injunctive and monetary relief, CLECO appeals, and defendants answer the appeal.
FACTS
In November, 1984, Franklin annexed into the city limits certain areas which were provided electric service by either Teche, CLECO, or both. Franklin granted a nonexclusive franchise agreement in October, 1985, to Teche to provide electric and street lighting services within the newly annexed areas of Franklin.
CLECO filed suit in December, 1985, to enjoin Teche from constructing any facilities, servicing any consumers, including Franklin, or operating under the franchise and related agreements, between Franklin and Teche. CLECO requested a declaratory judgment nullifying the agreements between Franklin and Teche that allegedly impinged CLECO’s authority to be the sole and exclusive provider of electric services for Franklin under a prior 1980 agreement. CLECO also sought damages from Franklin “in an amount equal to those revenues which CLECO would have received from the rendition of electric service” to the newly annexed areas.
Defendant, Teche, excepted to the district court’s jurisdiction for CLECO’s in-junctive and monetary relief. Teche contended, through its exception, that the litigation was a territorial dispute between two competing electrical utilities which was under the jurisdiction of the Louisiana Public Service Commission (P.S.C.). The answer[1] filed separately by both Franklin and Teche contended that the contract of CLECO had not been breached, and, if such did occur, the provisions of CLECO’s agreement that granted an exclusive franchise are prohibited by state law and, thus, unenforceable.
TRIAL COURT
Pursuant to a stipulation among all parties involved, evidence for the hearing on CLECO’s request for a permanent injunction was the same evidence submitted by the parties at the hearing on CLECO’s request for a preliminary injunction.
The trial court denied CLECO’s motion for preliminary injunction. The trial court determined that because both Franklin’s city charter and state law prohibited the granting of exclusive franchises, CLECO could not prevail on the merits of an injunction that sought to enforce an exclusive franchise.
The trial court also denied Teche’s exception of jurisdiction based upon the fact that the lawsuit was “essentially legal questions which should be disposed of by a Court [sic] rather than the Public Service Commission.”
ASSIGNMENTS OF ERROR
Inasmuch as we believe Teche’s contention that the trial court erred in overruling the declinatory exception raising the objection of lack of jurisdiction over the subject matter, has merit, we pretermit any discussion of CLECO’s assignments of error.
SUBJECT MATTER JURISDICTION
In filing the declinatory exception, Teche argues that this lawsuit is a matter of territorial dispute between rival public utilities and subject to the sole purview of the Louisiana Public Service Commission. La. Const. Art. IV, § 21(B) and La.R.S. 45:1163.
The trial court denied Teche’s exception to the court’s jurisdiction. In oral reasons for judgment, the trial court stated “that inherent in the instant litigation are essentially legal questions which should be disposed of by a Court [sic] rather than the Public Service Commission.” The legal questions involved the interpretation of bond and operating agreements, Franklin’s city charter, and applicable state law. According to the trial court, such legal questions “are better referable to a Court [sic].”
*783 In Porter v. O’Neal, 205 La. 445, 446, 17 So.2d 622, 623 (La.1944), the Supreme Court noted “that the jurisdiction of the courts should [not] be invoked where the commission [Public Service Commission] is clearly authorized to act unless the commission, by its action, should ignore some fundamental right or invade some constitutional guarantee.” Although the factual situation in Porter is inapposite to the matter sub judice, in Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company, Inc., 140 So.2d 683 (La.App. 1st Cir.1962), this circuit denied the district court its jurisdiction with similar facts before the bar. The plaintiff in Pointe Coupee sought an injunction to prevent the defendant from “supplying electric energy to anyone” in a select area of Pointe Coupee Parish. This court determined that the P.S.C. had jurisdiction of the subject matter of the litigation. As stated in Pointe Coupee,
The record as a whole shows very clearly that the matter presented, and the subject matter of this lawsuit, in its true sense, concerns the right or lack of it on the part of the corporate defendant to furnish electric energy to a potential customer. Under the above cited Constitutional provisions and Supreme Court decisions, it is a matter which clearly addresses itself to the Louisiana Public Service Commission alone, and the lower court, therefore, was without jurisdiction. 140 So.2d at 686.
The matter sub judice is equally ripe for the adjudication of the P.S.C. The agreements of both Teche and CLECO pertain to the operation, maintenance, and supply of electric services to the city of Franklin. The “potential customers” are those residents of the annexed portion of the city. Although the initial appearance of this litigation concerns a possible breach of conflicting agreements, the subject matter is centered upon the regulation of two public utilities, CLECO and Teche, as they compete for actual or potential customers. Thus, the trial court erred in its denial of Teche’s exception to the court’s jurisdiction.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, the exception to jurisdiction maintained, and plaintiffs suit dismissed at its costs.
REVERSED AND RENDERED.

. Although Franklin and Teche also filed recon-ventional demand and crossclaims between themselves and against CLECO, the trial court’s disposition of the lawsuit made those allegations moot.