140 So.2d 683 (1962)
POINTE COUPEE ELECTRIC MEMBERSHIP CORPORATION
v.
CENTRAL LOUISIANA ELECTRIC COMPANY, Inc., et al.
No. 5287.
Court of Appeal of Louisiana, First Circuit.
March 7, 1962.
Rehearing Denied April 9, 1962.
Certiorari Denied May 24, 1962.
*684 Provosty, McSween, Sadler & Scott, Alexandria, Landry, Watkins, Cousin & Bonin, by William Bonin and Jacob Landry, New Iberia, for appellant.
Theo. Cangelosi and Joseph A. Loret, Baton Rouge, Jewell & Jewell by J. Thomas Jewell, New Roads, for appellees.
Before LOTTINGER, LANDRY and REID, JJ.
LOTTINGER, Judge.
This is an injunction proceeding wherein plaintiff, Pointe Coupee Electric Membership Corporation, alleging itself to be an electric cooperative under the provisions of LSA-R.S. 12:301 et seq. and the only supplier of electricity in that part of the Parish of Pointe Coupee lying north of the Morganza floodway, seeks to prevent Central Louisiana Electric Company, Inc., an electric public utility, and Paul E. Randol, Thomas P. Street, Andrew M. Moore and Henry Tullor, officers and agents of Central Louisiana Electric Company, Inc., from (1) constructing a proposed power line in that area, (2) supplying electric energy to anyone in that area and, particularly, from (3) supplying electric energy to Brown and Root, Inc. in that area and (4) trying to induce Brown and Root, Inc. to buy and take electric energy in that area from Central Louisiana Electric Company, Inc. In addition to alleging that it was the sole supplier of electricity in that part of the Parish of Pointe Coupee lying north of the Morganza floodway and particularly to Brown and Root, Inc. in that area, plaintiff alleged that it had preempted the business of supplying electric energy in that area and particularly to Brown and Root, Inc. The further allegation was made that Central Louisiana Electric Company, Inc., through the individual defendant agents, had formed the intention of performing the acts sought to be enjoined without having any certificate of convenience and necessity from the Louisiana Public Service Commission. By supplemental and amending petition it was alleged that the corporate defendant had trespassed upon lands over which plaintiff owned a servitude by placing stakes thereon and had detailed its intention of constructing an electric transmission line parallel to plaintiff's and within the area of its servitude.
A temporary restraining order issued restraining defendants from doing the acts sought to be enjoined and a rule issued ordering them to show cause why a preliminary injunction should not issue. Various exceptions were filed by defendants which were the basis of a motion to dissolve the restraining order. The lower court refused to entertain the motion in advance of the trial of the rule and defendant then answered and the rule was tried following which all the exceptions were overruled and *685 a preliminary injunction ordered issued as prayed for. From this judgment the defendants have appealed.
The exceptions and the order in which they were filed are (1) exception to jurisdiction rationa personae, (2) exception of prematurity, (3) exception of no right of action, (4), exception of no cause of action and (5) exception to jurisdiction ratione materiae.
Among the authorities cited by defendants in support of the exception to jurisdiction ratione materiae are the cases of Griffon v. Villia, 167 La. 683, 120 So. 50 and Porter v. O'Neal, 205 La. 445, 17 So.2d 622. The former was a proceeding wherein plaintiff, after alleging that he had complied with the pertinent statute (Act 292 of 1926) by obtaining the required certificate, sought an injunction against the defendant who he alleged was competing with him unlawfully by carrying passengers for hire over the same route without having obtained the necessary certificate of public convenience and necessity from the Louisiana Public Service Commission. In maintaining the defendant's plea to jurisdiction the Supreme Court quoted from Section 4 of Article 6 of our Constitution and stated:
"We have concluded that the district judge is correct in his opinion that the Public Service Commission alone has original jurisdiction to determine whether the defendant should be compelled to take out accident insurance, furnish a bond, and obtain the certificate which is required of `motor carriers', by the Act 292 of 1926."
"In State ex rel. Tate et al. v. Brooks-Scanlon Co. et al., 143 La. 539, 78 So. 847, it was held that the Public Service Commissionthen called the Railroad Commissionhad exclusive original jurisdiction over proceedings against the public utilities, to compel them to perform a duty to the public; and the ruling was affirmed in Brooks-Scanlon Co. v. Railroad Commission of Louisiana, 144 La. 1086, 81 So. 727. It cannot be doubted that, if this proceeding were against a railroad company or any other of the public utilities mentioned in the fourth section of article 6 of the Constitution, it would have to be brought originally before the Public Service Commission, and an appeal from the commissions's ruling in the matter could be had only by the filing of a suit against the commission, in the district court in East Baton Rouge parishat the domicile of the commission. The same method of procedure is applicable to suits against other public utilities, which have been declared such and placed under the supervision, regulation, and control of the commission since the adoption of the Constitution, pursuant to the authority conferred upon the Legislature by the provisions of the second paragraph of the fourth section of article 6 of the Constitution." (Emphasis supplied).
A very similar situation was presented in the Porter case, supra, wherein the Supreme Court held that:
"We do not think that the jurisdiction of the courts should be invoked where the commission is clearly authorized to act unless the commission, by its action, should ignore some fundamental right or invade some constitutional guarantee".
The lower court acknowledged that the controversies which existed in the cited cases were similar to that presented here but sought to distinguish them on the ground that there both parties were subject to the jurisdiction of the Public Service Commission while here the plaintiff, under the provisions of LSA-R.S. 12:326, is exempt from its jurisdiction and control. The distinction is without merit. Conceding that LSA-R.S. 12:326 purports to exclude electric cooperatives from the jurisdiction of the Louisiana Public Service Commission, the fact remains that it does have jurisdiction *686 over the defendant company and the subject matter of this lawsuit. Article 6, Section 4 of the Louisiana Constitution of 1921, LSA reads as follows:
"Section 4. The Commission shall have and exercise all necessary power and authority to supervise, govern, regulate and control all common carrier railroads, street railroads, interurban railroads, steamboats and other water craft, sleeping car, express, telephone, telegraph, gas, electric light, heat and power, water works, common carrier pipe lines, canals, (except irrigation canals) and other public utilities in the State of Louisiana, and to fix reasonable and just single and joint line rates, fares, tolls or charges for the commodities furnished, or services rendered by such common carriers or public utilities, except as herein otherwise provided.
"The power, authority, and duties of the Commission shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by the common carriers and public utilities hereby, or which may hereafter be made subject to supervision, regulation and control by the Commission. The right of the Legislature to place other public utilities under the control of and confer other powers upon the Louisiana Public Service Commission respecting common carriers and public utilities is hereby declared to be unlimited by any provision of this Constitution.
"The said commission shall have power to adopt and enforce such reasonable rules, regulations, and modes of procedure as it may deem proper for the discharge of its duties, and it may summon and compel the attendance of witnesses, swear witnesses, compel the production of books and papers, take testimony under commission, and punish for contempt as fully as is provided by law for the district courts." (Emphasis supplied).
The only exception to the above provisions are found in Article 6 Section 7 of the Constitution of Louisiana of 1921 which excepts and excludes from Public Service Commission power of supervision, regulation and control of local public service utilities which theretofore had been placed under the control of towns, cities or parish governments.
Certainly the acts herein sought to be enjoined, namely the furnishing or attempted furnishing of electric energy constitutes "matters and things connected with, concerning, and growing out of the service to be given" as contemplated by the above quoted Section. The matter of the Commission having or not having jurisdiction over the plaintiff is of no consequence in determining jurisdiction over the subject matter.
The additional argument is made that the lower court had jurisdiction because of the alleged infringement by defendants of certain servitude rights over which the Public Service Commission would have no jurisdiction. The record shows that the matter of trespass was only raised by way of supplemental petition which did not even pray that the alleged acts of infringement be enjoined, nor does the judgment appealed from relate to this complaint.
The record as a whole shows very clearly that the matter presented, and the subject matter of this lawsuit, in its true sense, concerns the right or lack of it on the part of the corporate defendant to furnish electric energy to a potential customer. Under the above cited Constitutional provisions and Supreme Court decisions, it is a matter which clearly addresses itself to the Louisiana Public Service Commission alone, and the lower court, therefore, was without jurisdiction.
By way of supplemental brief plaintiff has brought to our attention Order No. *687 8436, Docket No. 8466 of the Louisiana Public Service Commission dated May 16, 1961, which holds in an invasion of territory complaint brought by Bossier Rural Electric Membership Corporation against the Southwestern Electric Power Company that an exception to the Commission's jurisdiction is good on the ground that it does not have jurisdiction over both parties. Assuming that this is properly before us, the fact of the matter is simply that the Commission's holding is of no moment here. Its holdings on factual matters are, of course, afforded great weight by the Courts, but in legal questions resort must be made to the proper authorities, in this case the constitution and jurisprudence hereinabove cited.
For the reasons assigned the judgment appealed from is reversed, the exception to jurisdiction ratione materiae maintained, and plaintiff's suit dismissed at its costs.
It is further ordered, adjudged and decreed that defendant's rights be reserved to sue plaintiff for the damages caused herein.
Judgment reversed.