LOTTINGER, Judge.
Plaintiff, South Louisiana Electric Cooperative Association, alleging itself to be an electric cooperative, seeks by this suit to enjoin Central Louisiana Electric Company, Inc. (hereinafter sometime referred to as “Cleco”), an electric public utility, and Paul E. Randol, John R. Gaugler, W. D. Duck, Garland Lawrence and Jules David, agents and representatives of Cleco, from supplying electricity to anyone in that portion of *688 St. Mary Parish, Louisiana, outside of Morgan City and lying North of Bayou Boeuf and East of Berwick Bay and the Atcha-falaya River. Plaintiff also seeks a judgment ordering the removal of all of the electrical transmission and distribution lines of Cleco situated in the above referred to area and a money judgment for damages occasioned by the alleged wrongful invasion of its territory by Cleco.
The demands of the plaintiff are predicated upon the allegation that prior to the year 1958, it was the only supplier of electricity in that part of St. Mary Parish, Lou-siana, outside of Morgan City, Louisiana, North of Bayou Boeuf and East of Berwick Bay and the Atchafalaya River, and that by its actions it preempted the business of supplying and selling electricity in that area. It is alleged that prior to 1958, Cleco constructed an electric transmission line across the above described area from a point on the East Bank of Bayou Boeuf, a short distance North of Amelia, Westward to and into Ramos, and that in 1958, Cleco formed the intention of engaging in the business of supplying electricity to customers in the above described part of St. Mary Parish in competition with plaintiff. It is alleged that in pursuance of this intention, Cleco, in the year 1958, constructed a substation at Ramos. The principal customers which plaintiff complains that Cleco has and is supplying with electricity are Hi-Pro Fish Products, Inc., Pelican State-Lime Plant and'The Young Corporation.
Alleging that immediate and irreparable injury, loss and damage to be incurred by it before notice could be served and a hearing had on its application for a preliminary injunction, plaintiff prayed for and obtained a temporary restraining order, dated March 22, 1960, restraining defendants from “constructing or extending any more electrical transmission and distribution lines within the said part of the Parish of St. Mary and from selling or supplying any electric energy in the said part of th'e said Parish of St. Mary to any person,-firm or'corporation to whom the said Central Louisiana Electric Company, Inc. has not actually sold or furnished electrical energy prior to the institution of this suit”.
Plaintiff prayed that the same relief be embodied in a preliminary injunction during the pendency of this suit and for judgment perpetuating the preliminary injunction.
Defendants filed exceptions to the jurisdiction ratione materiae and no right or cause of action and moved to dissolve the temporary restraining order on the basis of these exceptions. The District Cou-rt maintained the exception to the jurisdiction ratione materiae, dissolving the temporary restraining order and dismissed the action, reserving to defendants the right to seek damages and attorney fees resulting in the wrongful issuance of the temporary restraining order from which judgment the plaintiff has appealed.
The issues raised by this appeal are almost identical to those passed on by us in the recent case entitled Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company et al., of this Court, 140 So.2d 683, and the following language therein contained is applicable here. We quote:
“Among the authorities cited by defendants in support of the exception to jurisdiction ratione materiae are the cases of Griffon v. Villia, 167 La. 683, 120 So. 50 and Porter v. O’Neal, 205 La. 445, 17 So.2d 622. The former was a proceeding wherein plaintiff, after alleging that he had complied with the pertinent statute (Act 292 of 1926) by obtaining the required certificate, sought an injunction against the defendant who he alleged was competing with him unlawfully by carrying passengers for hire over the same route without having obtained the necessary certificate of public convenience and necessity from the Louisiana Public Service Commission. In maintaining the defendant’s plea to jurisdiction the *689 Supreme Court quoted from Section 4 of Article 6 of our Constitution and stated:
“ 'We have concluded that the district judge is correct in his opinion that the Public Service Commission alone has original jurisdiction to determine whether the defendant should be compelled to take out accident insurance, furnish a bond, and obtain the certificate which is required of “motor carriers”, by the Act 292 of 1926.’
sfs sfs ífí 3ÍS
“In State ex rel. Tate et al. v. Brooks-Scanlon Co., et al., 143 La. 539, 78 So. 847, it was held that the Public Service Commission — then called the Railroad Commission — had exclusive original jurisdiction over proceedings against the public utilities, to compel them to perform a duty to the public; and the ruling was affirmed in Brooks-Scanlon Co. v. Railroad Commission of Louisiana, 144 La. 1086, 81 So. 727. It cannot be doubted that, if this proceeding. were against a railroad company or any other of the public utilities mentioned in the fourth section of article 6 of the Constitution, it would have to be brought originally before the Public Service Commission, and an appeal from the commission’s riding in the matter coidd be had only by the filing of a suit against the commission, in the district court in East Baton Rouge parish — at the domicile of the commission. The same method of procedure is applicable to suits against other public utilities, which have been declared such and placed under the supervision, regulation, and control of the commission since the adoption of the Constitution, pursuant to the authority conferred upon the Legislature by the provisions of the second paragraph of the fourth section of article ó of the Constitution.’
“A very similar situation was presented in the Porter case, supra, wherein the Supreme Court held that:
“ ‘We do not think that the jurisdiction of the courts should be invoked where the commission is clearly authorized to act unless the commission, by its action, should ignore some fundamental right or invade some constitutional guarantee’.
“ * * * Conceding that LSA-R.S. 12:326 purports to exclude electric cooperatives from the jurisdiction of the Louisiana Public Service Commission, the fact remains that it does have jurisdiction over the defendant company and the subject matter of this lawsuit. Article 6, Section 4 of the Louisiana Constitution of 1921, LSA reads as follows :
“ ‘Section 4. The Commission shall have and exercise all necessary power and authority to supervise, govern, regulate and control all common carrier railroads, street railroads, interurban railroads, steamboats and other water craft, sleeping car, express, telephone, telegraph, gas, electric light, heat and power, water works, common carrier pipe lines, canals, (except irrigation canals) and other public utilities in the State of Louisiana, and to fix reasonable and just single and joint line rates, fares, tolls or charges for the commodities furnished, or services rendered by such common carriers or public utilities, except as herein otherwise provided.
" ‘The power, authority, and duties of the Commission shall affect and include all matters and things connected with, concerning, and growing out of the service to be given or rendered by the common carriers and public utilities hereby, or which may hereafter be made subject to supervision, regulation and control by the Commission. The right of the Legislature to place other public utilities under the control of and confer other powers upon the Louisiana Public Service Commission respecting common carriers and public utilities *690 is hereby declared to be unlimited by any provision of this Constitution.
“ ‘The said commission shall have power to adopt and enforce such reasonable rules, regulations, and modes of procedure as it may deem proper for the discharge of its duties, and it may summon and compel the attendance of witnesses, swear witnesses, compel the production of books and papers, take testimony under commission, and punish for contempt as fully as is provided by law for the district courts.’
“The only exception to the above provisions are found in Article 6 Section 7 of the Constitution of Louisiana of 1921 which excepts and excludes from Public Service Commission power of supervision, regulation and control of local public service utilities which theretofore had been placed under the control of towns, cities or parish governments.
“Certainly the acts herein sought to be enjoined, namely the furnishing or attempted furnishing of electric energy constitutes ‘matters and things connected with, concerning and growing out of the service to be given’ as contemplated by the above quoted Section. The matter of the Commission having or not having jurisdiction over the plaintiff is of no consequence in determining jurisdiction over the subject matter.
# % % í}í í¡«
“The record as a whole shows very clearly that the matter presented, and the subject matter of this lawsuit, in its true sense, concerns the right or lack of it on the part of the corporate defendant to furnish electric energy to a potential customer. Under the above cited Constitutional provisions and Supreme Court decisions, it is a matter which clearly addresses itself to the Louisiana Public Service Commission alone, and the lower court, therefore, was without jurisdiction.”
For the reasons assigned, the judgment appealed from is correct and is, therefore, affirmed.
Judgment affirmed.