LOTTINGER, Judge.
On October 31, 1963, South Louisiana Electric Cooperative Association filed a petition in the Lower Court for injunctive relief against the Louisiana Power & Light Company, claiming a breach of contract and invasion by the power company of an area alleged to be exclusively served by South Louisiana. The latter obtained a temporary *414 restraining order which enjoined the Louisiana Power and Light Company from furnishing service to three customers, namely: Transcontinental Gas Pipe Line Corporation, Shell Oil Company and Avondale Shipyards, Inc.
It appears that on the date of the issuance of the restraining order (October 31, 1963), Louisiana Power and Light Company was and had been furnishing service to two of the three named customers and had entered into a contraet for the supply of electricity to the third on October 10 of that year. As a result of the restraining order, it was necessary that service to two of the companies be discontinued until, on November 4, 1963, the District Court orally amended its restraining order to permit reconnection of the two services.
Upon the District Court declining a motion to dissolve the restraining order as amended, on November 6, 1963, Louisiana Power & Light Company applied to us for writs of prohibition and mandamus. Thereafter, on November IS, 1963, we issued a writ of certiorari directed to the District Court, ordering that proceedings therein be stayed pending disposition of the writs, that all temporary restraining orders and extensions thereof be dissolved and, further, that the case be submitted to us on January 16, 1964, by briefs and oral arguments. Thereafter, the plaintiff, South Louisiana Electric Cooperative Association moved for a remand to the District Court for the purpose of dismissal and we directed that the motion for remanding be considered at the same time as all the other issues in the matter. On December 7, 1963, the Louisiana Power and Light Company filed two peremptory exceptions which are also urged for consideration.
The motion to dissolve the temporary restraining order filed in the Lower Court is primarily levelled at the question •of jurisdiction. We have now squarely held that under the LSA-Constitution Article VI, Section 4, and LSA-R.S. 45:1163 and 45:1164, the Louisiana Public Service Commission has exclusive jurisdiction over the subject matter of this type of litigation. See Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company, La.App., 140 So.2d 683. (Certiorari denied May 24, 1962) and South Louisiana Electric Cooperative Association v. Central Louisiana Electric Company, La. App., 140 So.2d 687.
This being the case, the Lower Court was without jurisdiction. Thé proper procedure is not to remand the case to the Lower Court for dismissal, but for we, ourselves, to dismiss same. The rights of the defendant Louisiana Power and Light Company to claim costs, damages, and attorney fees (such as those rights may or may not be and upon which we do not pass) are specifically reserved to it.
For the reasons assigned, the plaintiff’s suit is dismissed at its costs.