ELLIS, Judge.
The present proceeding grew out of a dispute between the plaintiff and the defendant as to which had the right to serve the Saleo Clinic with electric power. Plaintiff filed a petition with the Louisiana Public Service Commission seeking recognition of this right and also a cease and desist order against the South Louisiana Electric Cooperative Association, defendant-applicant herein. If any action was taken by the Louisiana Public Service Commission, we do not find it in this record. However, subsequently, plaintiff filed in the Seventeenth Judicial District Court of the State of Louisiana, in and for the Parish of Terrebonne, Suit No. 24,628, and as a result thereof the Honorable P. Davis Martinez, Judge of said court, signed and issued a temporary restraining order on September 22, 1964 directing South Louisiana Electric Cooperative Association, its agents, servants, officers, employees and representatives, and all *182 other persons, firms or corporations acting' or claiming to act in behalf of it from building or constructing or continuing in any way to' build or construct, or energizing or otherwise placing in operation, a certain electric line intended to connect the Sako Clinic property on Hollywood Road with their 8 KV single-phase primary distribution line running east and west along Hollywood Road and terminating just west of the Grace Lutheran Church, also located on Hollywood Road, Parish of Terrebonne, Louisiana, and from serving or attempting to serve electricity to the new Sako Clinic presently being constructed on the south side of Hollywood Road a short distance east from Bayou Terrebonne, and from extending in any way defendant’s 13 KV electric facility located approximately 2,930 feet east of the Sako Clinic property, and from converting defendant’s 8 KV single-phase primary electric line running east and west along Hollywood Road into a 3-phase facility, or from constructing a 3-phase facility along the right of way of the existing facility, and from serving or attempting to serve electricity to any other customers off the aforesaid extension line, and from violating in any manner the Electric Service Agreement between petitioner and defendant dated June 15, 1956.
Defendant-applicant filed a motion to dissolve the temporary restraining order and particularly set forth, among other grounds:
“That under the authority of the Louisiana Constitution, Article VI, Section 4, and R.S. 45:1163 and 1164, the Louisiana Public Service Commission has exclusive jurisdiction over this particular question, that is, the right or lack of right of the regulated, power utility' company to serve a customer. Petitioner recognizes this fact by stating in Article 14 of its petition herein, that it filed a petition with the Louisiana Public Service Commission seeking recognition of this right to serve the Sako Clinic and seeking a cease and desist order against South Louisiana Electric Cooperative Association..
“This jurisdictional question has been' unequivocally settled in the cases of South Louisiana Electric Cooperative Association vs. Central Louisiana Electric Company, 140 So. (2d) 687 (Court of Appeal, 1st Circuit, April 9, 1962) Pointe Coupee Electric Membership. Corporation vs. Central Louisiana Electric Company, 140 So. (2d) 683 (Court of Appeal, 1st Circuit, March 7, 1962,. certiorari denied on May 24, 1962) Pointe Coupee Electric Membership Corporation vs. Bueche, et al, No. 6110 (Court of Appeal, 1st Circuit, August. 31, 1963); South Louisiana Electric-Cooperative Association vs. Louisiana Power & Light Company, No. 6144 [161 So.2d 413] (Court of Appeal, 1st Circuit) ; and the most recent case of Gulf States Utilities Company vs. Dixie Electric Membership Corporation, No. 6272 Court of Appeal, 1st Circuit,, writs refused on June 22, 1964).”
No action was taken on the motion to dissolve, which amounts to a refusal and immediately thereafter defendant-applicant: filed this application to this court for alternative peremptory writs of certiorari, prohibition and mandamus, directing the Honorable P. Davis Martinez, Judge, Seventeenth Judicial District Court, Parish of La-fourche and Terrebonne, State of Louisiana,, ordering him to dissolve the temporary restraining order and to dismiss plaintiff’s-, petition for lack of jurisdiction, ratione-personae and ratione materiae, and that the: Honorable P. Davis Martinez be prohibited, and enjoined from proceeding further in said cause, and that in the event the said Judge did not dissolve the restraining order and dismiss the petition, that he show cause on a day and date to be fixed by this Plon-orable Court why a writ of mandamus, should not issue directing the said Judge to dissolve the temporary restraining order and dismiss the petition herein; and that in? the meantime and until the further order of this Court, all proceedings against South Louisiana Electric Cooperative Association-in this matter be stayed and suspended.
*183 After due consideration, this court issued alternative peremptory writs of certiorari, prohibition and mandamus directed to the Honorable P. Davis Martinez, Judge Seventeenth Judicial District Court, in and for the Parish of Lafourche and Terrebonne, State of Louisiana, as follows:
“The petition of Relator considered, and in view of our previous decisions on similar matters in South Louisiana Electric Cooperative Association vs. Central Louisiana Electric Company, 140 So. (2d) 786 (Court of Appeal, 1st Circuit, April 9, 1962) ; Pointe Coupee Electric Membership Corporation vs. Central Louisiana Electric Company, 140 So. (2d) 683 (Court of Appeal, 1st Circuit, March 7, 1962, certiorari denied on May 24, 1962) ; Pointe Coupee Electric Membership Corporation vs. Bueche et al, No. 6110 (Court of Appeal, 1st Circuit, August 31, 1963); South Louisiana Electric Cooperative Association vs. Louisiana Power & Light Company, No. 6144 [161 So.2d 413] (Court of Appeal, 1st Circuit); and Gulf States Utilities Company vs. Dixie Electric Membership Corporation, No. 6272 (1st Circuit, Court of Appeal, writs refused on June 22, 1964),
“IT IS HEREBY ORDERED that an alternative writ of mandamus issue herein commanding the Honorable P. Davis Martinez and Remy Chiasson, Judges of the Seventeenth Judicial District Court, Parish of Terrebonne, to annul, cancel and set aside the temporary restraining order issued in this matter on September 22, 1964, and to order the suit of plaintiff dismissed for lack of jurisdiction in the courts of this State, or to show cause on or before the 6th day of October, 1964, why said writ should not be made peremptory.
“IT IS FURTHER ORDERED that the respondent, Louisiana Power and Light Company, shall show cause on the date aforesaid why the relief prayed for in the petition of relator should not be granted.
“IT IS FURTHER ORDERED in the meantime and until further orders of this Court that all proceedings against said relator in the Seventeenth Judicial District Court shall be stayed and suspended.
“Granted at Baton Rouge, Louisiana, September 30, 1964.”
Plaintiff answered the alternative writ contending that this matter is not controlled by the cases cited in this court’s order of September 30, 1964, as it had filed a complaint with Louisiana Public Service Commission on September 22, 1964, alleging that South Louisiana Electric Cooperative Association — defendant-applicant—had violated its contract with Louisiana Power & Light Company and contemporaneously therewith, had filed this injunction suit in the Seventeenth Judicial District Court, asking for injunctive relief on a status quo basis, not as a permanent remedy, and therefore it was only for the purpose of aiding the Public Service Commission’s jurisdiction.
In support of its contention that the District Court had power to grant relief in aid of the Commission’s jurisdiction in order to maintain the status quo until the controversy before the Commission has been determined by it, plaintiff cites a number of federal cases. We do not believe that these cases are controlling and are firmly of the opinion that the cases cited in our order of September 30, 1964, supra, are controlling and specifically state that the Public Service Commission alone has original jurisdiction in such a controversy as is now under consideration. In one of those cases, namely, Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company et al., 140 So. *184 2d 683, which is on all fours with the case under consideration, we stated:
“Article 6, Section 4 of the Louisiana Constitution of 1921, LSA reads as follows:
“ 'Section 4. The Commission shall have and exercise all necessary power and authority to supervise, govern, regulate and control cdl common carrier railroads, street railroads, interurban railroads, steamboats and other water craft, sleeping car, express, telephone, telegraph, gas, electric light, heat and power, water works, common carrier pipe lines, canals, (except irrigation canals) and other public utilities in the State of Louisiana, and to fix reasonable and just single and joint line rates, fares, tolls or charges for the commodities furnished, or services rendered by such common carriers or public utilities, except as herein otherwise provided.
“ ‘The power, authority, and duties of the Commission shall affect and include all matters and things connected with, concerning, and growing out of the service to he given or rendered by the common carriers and public utilities hereby, or which may hereafter be made subject to supervision, regulation and control by the Commission. The right of the Legislature to place other public utilities under the control of and confer other powers upon the Louisiana Public Service Commission respecting common carriers and public utilities is hereby declared to be unlimited by any provision of this Constitution.
“ ‘The said commission shall have power to adopt and enforce such reasonable rules, regulations, and modes of procedure as it may deem proper for the discharge of its duties, and it may summon and compel the attendance of witnesses, swear witnesses, compel the production of books and papers, take testimony under commission, and punish for contempt as fully as is provided by law for the district courts.’ (Emphasis supplied).
“The only exception to the above provisions are found in Article 6 Section 7 of the Constitution of Louisiana of 1921 which excepts and excludes from Public Service Commission power of supervision, regulation and control of local public service utilities which theretofore had been placed under the control of towns, cities or parish governments.
“(1) Certainly the acts herein sought to be enjoined, namely the furnishing or attempted furnishing of electric energy constitutes ‘matters and things connected with, concerning, and growing out of the service to be given’ as contemplated by the above quoted Section. The matter of the Commission having or not having jurisdiction over the plaintiff is of no consequence in determining jurisdiction over the subject matter.”
Counsel further argues that under the terms of Article VII, Section 2, Louisiana Constitution of 1921, LSA, the district court may issue “all other needful writs, orders and process” in aid of its jurisdictional powers. The pertinent portion of Article VII, Section 2, Louisiana Constitution of 1921, states:
“Section 2. The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the State including judges of the Civil and Criminal District Courts in the Parish of Orleans, * * * and may also, in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, and where any of said writs are refused, the appellate courts shall indicate the reasons therefor.”
*185 In the case now under consideration the District Court has issued a restraining ■order in a case in which the original jurisdiction is in the Louisiana Public Service ■Commission and neither does the District Court have supervisory jurisdiction so that it could issue a restraining order in aid ■of the original jurisdiction of the Commission. It is also well to note that all ■cases in which orders of the Public Service Commission are in contest, as provided in Article VI, Section 5, of the Constitution, shall be appealable to the Supreme Court, Article VII, Section 10, Louisiana Constitution.
Counsel for plaintiff further contends that injunctive relief is proper to maintain the status quo and in restraint of an obligation “NOT TO DO” under Article 1929 of the LSA-Civil Code. Plaintiff has made this same allegation before the Louisiana Public Service Commission in its petition and we think properly so as the Commission has original exclusive jurisdiction in matters of this kind.
Finally, counsel for plaintiff contends that it has applied for writs under the supervisory powers of this court under the authority of Louisiana Constitution of 1921, as amended, which provides that this court “has supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over all inferior courts in all cases in which an appeal would lie to the court of appeal.” Article VII, Section 29, Louisiana Constitution of 1921; Article 2201, LSA-Code of Civil Procedure. See also Tate, Proceedings in Appellate Courts, 35 Tulane Law Review 585, 595. Counsel then argues that the foregoing section of the Constitution has "been specifically interpreted to limit the supervisory jurisdiction of a court of appeal to those cases in which an appeal lies to the court of appeal. We have no •quarrel with this statement. However, we -do not believe such law applies to the situation now before this court. Additionally, counsel contends an appeal could not possibly lie from a temporary restraining order until the District Court has either maintained the injunctive relief on a hearing or has dissolved the restraining order after a hearing on a motion to dissolve. We believe that the District Court has issued an illegal restraining order in a matter in which it has no original or supervisory jurisdiction unless and until the Louisiana Public Service Commission has taken action. Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company, Inc. et al., 140 So.2d 683, and cases therein cited. This court has supervisory jurisdiction in such a case.
For the above and foregoing reasons, it is hereby ordered that the Honorable P. Davis Martinez and/or Honorable Remy Chiasson, Judges of the Seventeenth Judicial District Court, Parish of Terrebonne, annul, cancel and set aside the temporary restraining order issued in this matter on September 22, 1964, and to dismiss the suit of plaintiff for lack of jurisdiction ratione materiae.