ELLIS, Judge.
The grounds upon which the motion to dismiss the appeal filed on behalf of defendant-appellee in the above numbered and entitled cause are set forth in its petition as follows:
“1.
“That in this suit, Number 100,943 of the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, Louisiana, judgment was rendered on June 8, 1964, maintaining the motion to dissolve the temporary restraining order and maintaining the exception to the jurisdiction, recalling the rule for the injunction and dismissing plaintiff’s suit at its cost. On June 9, 1964, the judgment maintaining the exception of jurisdiction was signed. From these judgments, Gulf States Utilities Company, appellant herein, applied to the Court of Appeal, First Circuit, for writs of prohibition, cer-tiorari and mandamus. These writs were denied by this Honorable Court on June 22, 1964, in Docket No. 6272. Thereafter, and particularly on September 9, 1964, Gulf States Utilities applied for and was granted a devolu-tive appeal from the judgment of June 9, 1964.
“2.
“That inasmuch as this Honorable Court has already ruled that the State Courts do not have jurisdiction of this case, it is respectfully submitted that said appeal should be dismissed.”
The facts as set forth in the above allegations as grounds for the dismissal of this appeal are fully supported by the record. This court in passing upon the application of Gulf States Utilities Company for writs of certiorari, prohibition and mandamus on June 22, 1964, stated:
“Writs refused: The ruling of the trial court is correct.”
The above ruling was based upon established jurisprudence that the Louisiana Public Service Commission has exclusive jurisdiction over the right of the utility company to serve a customer under Louisiana Constitution Article 6, Section 4, LSA, and LSA-R.S. 45:1163 and 45:1164, which is fully supported by recent cases decided by this court, namely, Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company, 140 So.2d 683; South Louisiana Electric Cooperative Association v. Central Louisiana Electric Company, 140 So.2d 687, and authorities cited in the two above cases. In the latter case, certiorari was denied by the Supreme Court on May 24, 1962.
In the present case, this court has squarely held in its refusal of the writs applied for by Gulf States Utilities Company from the ruling of the trial judge sustaining the plea to the jurisdiction of the court that the ruling of the trial court was correct. It is true that the writs were refused by two members of this court but this is a per curiam opinion in which all members of the court agree and, there being no other question in the case except one of jurisdiction, we are of the opinion that the motion to dismiss the appeal should be sustained and it is so ordered.
Appeal dismissed.