ELLIS, Judge.
These proceedings were initially instituted in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Gulf States Utilities Company, hereinafter called Gulf States, sued Dixie Electric Membership Corporation, hereinafter called Dixie,, praying for a. temporary restraining order and preliminary injunction against Dixie enjoining it from “further construction of an electric distribution line * * * in. Baker Oaks Subdivision, City of Baker,. Parish of East Baton Rouge * * * ”.
The petition alleges that both parties are-in the business of selling electric power but. that only Gulf States holds a nonexclusive-franchise granted by the City of Baker to-sell such power within the corporate limits of Baker.
The petition further alleges that Dixie-is in the process of constructing electric distribution facilities within the corporate limits of Baker, particularly designed to-serve the needs of Baker Oaks Subdivision..
The injunction is sought on the dual' ground that Dixie has no franchise to operate within the corporate limits of Baker and consequently has no privilege to do so and on the ground that the Dixie poles and' transmission lines are so close to the existing poles and transmission lines of Gulf States that they create an extreme hazard for workmen, linemen and the general public.
Dixie filed a motion to dissolve the temporary restraining order and an exception to the jurisdiction ratione materiae of the District Court. The District Court maintained the exception to its jurisdiction and dismissed plaintiff’s suit.
An application for writs to this court was denied and thereafter plaintiff perfected a devolutive appeal. In reply to the de-volutive appeal Dixie filed a motion to dismiss the appeal on the ground that this court, in denying the application for writs,, had already ruled that the District Court did not have jurisdiction of this case. This *315 court, 172 So.2d 116, granted the motion to dismiss based on the established jurisprudence that the Louisiana Public Service Commission has exclusive jurisdiction over the right of a utility company to serve a customer and on the basis that this court, in refusing the writs, had already ruled on the jurisdictional question.
Thereafter, Gulf States obtained certio-rari from the Louisiana Supreme Court.
That court, 173 So.2d 543, 179 So.2d 637, reversed the ruling of the First Circuit Court of Appeal on the dual ground that Borden et al. v. Louisiana State Board of Education et al., 168 La. 1005, 123 So. 655, clearly establishes that the refusal of the Court of Appeal to grant supervisory writs does not deprive a party of his right to an appeal; and on the ground that, since the jurisdictional question “relates to the basic issue going to the merits of the appeal”, the question of jurisdiction should have been taken up on the merits of the appeal and not decided on a motion to dismiss.
The Louisiana Supreme Court, as we read the opinion, did not actually pass on the juridictional issue but remanded the case to this court for that purpose.
Contrary to our previous holding in this case we believe that the trial court was in error in dismissing plaintiff’s suit for lack of jurisdiction.
Insofar as Gulf States has alleged the creation of a hazard by the close proximity of the two power lines we believe that the District Court did have jurisdiction. However, Gulf States is not primarily concerned with the placement of the Dixie lines, but with their very existence within the corporate limits of Baker. Therefore, the focal point of the conflict here centers on the defendant’s contention that this proceeding involved the privilege, or lack thereof, of a public utility company to furnish electric energy to potential customers and is, therefore, a matter within the exclusive jurisdiction of the Louisiana Public Service Commission.
Plaintiff relies on the case of Town of Coushatta v. Valley Electric Membership Corporation, La.App., 139 So.2d 822. In that case the Town of Coushatta, various officers and taxpayers of the town, and Central Louisiana Electric Company obtained a court injunction against the defendant halting construction of a transmission line and extension of its electric service within the corporate limits of the town. The reported facts in that case reveal that Central Louisiana Electric Company had a non-exclusive franchise granted by the Town of Coushatta to operate within its boundaries. Valley Electric had no such franchise. The Second Circuit in that case said at page 827:
“ * * * the franchise now held and. exercised by the plaintiff, Central Louisiana Electric Company, Inc., is one of a nonexclusive type or character. Such franchises standing alone do not include the right to be free of competition, and such a grant does not prevent the granting of similar franchises to others. Nevertheless, such a franchise may be properly characterized as exclusive against one who carried on a competing operation without a franchise or without due authorization. The holder of a nonexclusive franchise, however, has the legal right to be free from the competition of one not having a valid franchise. This rule is recognized and applied in respect of a franchise to function as or a franchise granted to a public utility. 37 C.J.S. Franchises § 22, pp. 172-173.
“An injunction is a proper remedy where the franchise of a corporation or its rights thereunder are being invaded. The right to an injunction extends not only to the actual, but also to threatened, interference with the rights conferred by the franchise. One whose franchise is not exclusive is not entitled to enjoin legitimate competition. However, a franchise, even though nonexclusive, is a valuable property right (23 Am.Jur., pp. 717-745, ‘Franchises,’ §§ 4-39) and the owner of a franchise, although not exclusive, is en *316 titled to relief by way of an injunction against a threatened or actual injury to his property rights through illegal non-franchise competition on the theory that the rights granted, although not exclusive, are actually so as to all others not having a similar franchise.”
 That case appears to be clearly at point with the instant case and we are unable to distinguish the two. Learned counsel for the defendant has attempted to distinguish the Coushatta case on the basis that the City of Baker is not a party to the instant suit. Our reading of the Coushatta opinion and, in particular, the above quoted portion, convinces us that the basis of the decision is grounded in the privilege or property right created by the franchise, which privilege, though not exclusive, is nonetheless entitled to judicial protection against nonfranchised competition. Consequently, the Town of Baker is not a necessary party to a suit by the owner of a franchise to protect his property right therein.
Whether the Town of Baker actually consented to Dixie’s new lines, as defendant argues, is a matter addressing itself to the evidence which is not yet before this court. It would appear, however, that the conclusive evidence of such consent, if the consent falls short of an actual nonexclusive franchise, would not serve to divest Gulf States of its exclusive franchise as to all nonfranchised competition.
Counsel for Dixie points out that the jurisdictional question was not discussed by the court in the Coushatta opinion. While this is true, we cannot now hold that the court in that case was without jurisdiction. Nor does such a conclusion logically result from a mere omission of the subject in the opinion. That case was well argued, briefed and considered. A hearing was granted because the court realized the great importance of the decision and the far reaching effect upon certain utility companies, some of which requested to file amici curiae briefs. Under those circumstances, it is illogical to argue that there was no jurisdiction and that the jurisdictional question was not considered merely because it was not included in the opinion. It can be argued with more force and logic that the jurisdictional issue was so clear in the minds of all parties and of the court that it did not merit contest, debate or mention.
The cases which we relied on in reaching our initial determination in the instant case that the District Court was without jurisdiction and which are now urged upon us by Dixie are South Louisiana Electric Cooperative Association v. Central Louisiana Electric Company, La.App., 140 So.2d 687, and Pointe Coupee Electric Membership Corporation v. Central Louisiana Electric Company, La.App., 140 So.2d 683. In addition, Dixie has referred us to South Louisiana Electric Cooperative Association v. Louisiana Power and Light Company, La.App., 161 So.2d 413.
Those three cases are distinguishable from the Coushatta case and the case at bar. It is true that those three cases involved similar facts in that they concern attempts by electric utility companies to enjoin other electric utility companies from invading a geographic area deemed to be exclusively the domain of the plaintiff. However, those three cases did not involve franchises. The argument made by the plaintiffs in those three cases was that there was an invasion of an area allegedly exclusively served by the plaintiff and that, consequently, there was no necessity for a duplication of electric service to customers within those areas. All three cases dealt with areas outside of the corporate limits of any town. Under those circumstances the Louisiana Public Service Commission, under authority of the Louisiana Constitution, Article VI, Section 4, and R.S. 45 :1163, 45 :1164, has exclusive jurisdiction over the right of a utility company to serve a customer.
In those three cases both plaintiff and defendant evidently had a co-existing privilege or franchise to operate within the *317 disputed area. No lack of franchise authority was raised by the plaintiffs in any of those cases.
Such is not the situation in the case before us. Here the owner of a nonexclusive franchise is seeking- to protect a property right against a threatened encroachment upon the geographical area comprising the Town of Baker by one not having a franchise to operate within the Town. If Dixie did have a similar nonexclusive franchise to operate within the Town of Baker, the situation would be identical to that presented in the three cases relied upon by the defendant.
Evidently realizing this to be a correct interpretation of the law, Dixie argues that it does in fact have a nonexclusive franchise to operate within the corporate limits of the Town of Baker. Dixie argues that it had, prior to the incorporation of the Town of Baker, a nonexclusive franchise to operate within the confines of the Parish of East Baton Rouge and consequently still has a franchise in that part of the parish which later became Baker. This argument was considered in the Coushatta case initially and on rehearing. In the rehearing opinion at page 831 the court said:
“The only real issue tendered to the lower court and to us on appeal is whether defendant should be enjoined from serving William Wren with electricity. Having concluded the area was within the area properly annexed to the Town of Coushatta, that the electrical connection in question was made subsequent to such date, and without permission of the municipality, it follows such action was unauthorized and should be enjoined. Perhaps we should now stop and not be guilty of again going too far, and we do pretermit any further judgment as to other rights flowing to defendant-appellant within the annexed area under its valid and prior existing franchise except as to our previous enunciation that such a franchise is a property right.”
The injunction here sought is against the institution of new service and, therefore, the question pretermitted in Coushatta is not before us at this time.
The judgment of the District Court dismissing plaintiff’s suit for lack of jurisdiction is reversed and the case is remanded to the District Court for further proceedings.
Reversed and remanded.