SUMMERS, Justice
(dissenting).
A rehearing should be granted. Certain erroneous and unnecessary statements in the majority opinion becloud the question of the Louisiana Public Service Commission’s jurisdiction over South Louisiana Electric Cooperative Association.
The opinion makes numerous references to the Louisiana Public Service Commission’s apparent lack of jurisdiction over South Louisiana Electric Cooperative Association and cooperatives generally, reasoning that the Cooperative is not a public utility; it then proceeds to hold, specifically, that North Terrebonne Gas Processing Plant was not a customer of South Louisiana Electric Cooperative Association when Louisiana Power and Light Company began to service the Gas Processing Plant.
The only language of the opinion which can be sustained under the law and by the record is that which finds that North Terrebonne Gas Processing Plant was not a customer of South Louisiana Electric Cooperative Association when Louisiana Power and Light Company began to service the Gas Processing Plant. Such a holding presupposes that the record upon which the decision is founded was properly made in a proper tribunal with proper jurisdiction. •Otherwise, the majority opinion must be 'read to say that the Public Service Commission had no jurisdiction in this matter, while at the same time the opinion declares that the Gas Processing Plant was not a customer of the Cooperative. In so doing the opinion adjudicates a factual issue other than jurisdiction based upon a record made before a Commission which it finds has no jurisdiction.
It is entirely inconsistent with this Court’s practice, or with good judicial process anywhere, to adjudicate issues other than jurisdiction in a case tried before a tribunal which is found to be without jurisdiction. On the other hand, it is wholly consistent with a finding that there was no jurisdiction in the tribunal before which a case was tried to dismiss the suit and thereby permit a trial and adjudication of the issues, other than jurisdiction, before a proper tribunal which does have jurisdiction. For jurisdiction is the very cornerstone of any tribunal’s right to issue valid decrees and judgments ; and venue, of course, is the handmaiden of jurisdiction.
From these observations it must necessarily follow that if the Public Service Commission had no jurisdiction in this matter, the 19th Judicial District Court in East Baton Rouge Parish — to which the Commission’s order was appealed — likewise had no jurisdiction, its jurisdiction in such cases being predicated upon the Commission’s jurisdiction. And, having no venue over the domicile of the parties or the situs of the controversy in Terrebonne Parish, the 19th Judicial District Court had no independent original jurisdiction.
*619 If we accept the opinion’s declarations that the Public Service Commission had no jurisdiction, there was, then, no tribunal with original jurisdiction participating in the making of this record. (Needless to say, the Supreme Court quite clearly has no original jurisdiction.) Thus, if the Commission had no jurisdiction, no valid adjudication could take place on the customer issue, which this Court’s majority opinion unequivocally does decide. To adjudicate the customer issue based upon facts found by the Commission, which, in turn, the Court found to be without jurisdiction, is contrary to fundamental concepts of Constitutional Due Process. Due Process requires that all valid adjudications be rendered by legally constituted tribunals acting only over litigants and within boundaries prescribed by law.
For these reasons a decision that the Public Service Commission has no jurisdiction and a decision of the customer issue, based upon facts found in a hearing before the Commission, cannot stand side by side in the same opinion. Such an anomaly logically requires a conclusion that only that portion of the decision based upon the real issues truly litigated by the parties is the ratio decidendi of the opinion — the other expressions being merely dicta.
Only a cursory review of the record is required to learn that the real issue was whether or not the Gas Processing Plant was a “customer” of the Cooperative Association within the purview of La.R.S. 45 :- 123, when the Power and Light Company began to service the Gas Processing Plant. This is made manifest when we note that the Cooperative Association chose the Commission as the forum in this matter, and the essence of its complaint was that Louisiana Power and Light Company “had violated R.S. 45:123 by ‘talcing’ the Gas Processing Plant.” Furthermore, the Chairman of the Commission defined the issues at the outset of the hearing when he declared, “ * * * (W)e should limit our hearing this morning in these cases as to whether or not a customer has actually been taken * * * as to whether or not under R.S. 45:123 a customer is actually taken.” (Emphasis added.) And a joint stipulation of the parties set forth that “the Commission has not asserted and does not now assert regulating jurisdiction over rural electric cooperatives * * * as to their rates, service regulations, rules and procedures, but only with respect to customer disputes.” This being a customer dispute, it could be said that the jurisdiction was stipulated. Upon this factual backgrounds it can hardly be said that jurisdiction was ever at issue before the Commission, before the district court or in this court.
Even the Cooperative expressly relied in its pleadings upon the theory that the issue of jurisdiction was foreclosed by previous decisions of the Courts of Appeal which this Court would not review, citing these cases as authority for its position: South Louisiana Electric Cooperative Association *621 v. Louisiana Power and Light Company, 161 So.2d 413 (La.App.1964) ; South Louisiana Electric Cooperative Association v. Central Louisiana Electric Company, 140 So.2d 687 (La.App.1962) ; and Pointe Coupec Electric Membership Corporation v. Central Louisiana Electric Company, 140 So.2d 683 (La.App.1962).
The Commission’s jurisdiction, and the related question of whether the Cooperative was or was not a public utility, was conceivably put at issue by Louisiana Power and Light Company’s pleadings. But this was a plea in the alternative and only in the event it was found that the Gas Plant was a "customer” of the Cooperative. Because a finding was never made that the Gas Plant was a customer of the Cooperative, the finding instead being that the Gas Plant was an uncommitted new entity, the contingency upon which the alternative issue was pleaded never occurred. The alternative plea was, consequently, of no effect — just as though it had not been pleaded.
In keeping with this posture of the pleadings, the record is barren of any facts which would tend to prove the Cooperative was not a public utility as contemplated by La. R.S. 45:123, the statutory provision under consideration. By way of illustration, this Court had no evidence before it concerning the actions and activities of cooperatives or utilities, the extent of the business each conducts, the use by cooperatives of powers normally possessed by public utilities and other information indispensable to a fair and proper determination of whether the cooperative at bar was not a public utility. I say again, determining such an issue without facts to support it would be a deprivation of Constitutional Due Process. This makes it clear to me that the majority opinion does not and could not decide that the Public Service Commission had no jurisdiction of the South Louisiana Electric Cooperative or cooperatives generally. Nor did this Court intend to adjudicate a question of such far-reaching import without a record to support its judgment. Especially is this true in light of the substantial authority to the contrary. Application of Trico Electric Cooperative, Inc., 92 Ariz. 373, 377 P.2d 309 (1962); Dairyland Power Cooperative v. Brennan, 248 Minn. 556, 82 N.W.2d 56 (1957); Natural Gas Service Co. v. Serv-Yu Cooperative, 70 Ariz. 235, 219. P.2d 324 (1950); Kosciusko County Rural Electric Membership Corporation v. Public Service Commission, 225 Ind. 666, 77 N.E.2d 572 (1948); Rural Electric Co. v. State Board of Equalization, 57 Wyo. 451, 120 P.2d 741, 122 P.2d 189 (1942); Taylor County Rural Electric Cooperative Corporation v. Kentucky Utilities Company, 94 PUR (NS) 14 (1952); Re :Plumas-Sierra Rural Electric Cooperative, Inc, 88 PUR (NS) 506 (1950); Re: Farr, et al, 65 PUR (NS) 7 (1946); Re: Indiana Service Corporation, 48 PUR (NS) 185 (1943); Jersey Central Power & Light Co. v. Tri-County Rural Electric Co, 38 *623 PUR (NS) 48 (1941); Re: Adams Electric Cooperative, Inc., 38 PUR (NS) 193 (1941).
Justice and the orderly processes of law demand that this issue be given the consideration it deserves. I would not expect this decision to stand in the way of such a determination when a proper case is presented.
The holding of this case, then, must be that North Terrebone Gas Processing Plant was not a customer of the Cooperative at the time when Louisiana Power and Light Company began to service the Gas Processing Plant, and, as a necessary concomitant, the record made before the Commission was made before a tribunal which at least had jurisdiction over this customer dispute.