■ | iCALOGERO, Chief Justice,
dissenting.
This court has determined that the Public Service Commission (PSC) has no jurisdiction to resolve territorial disputes between an unregulated and a regulated electric utility, not only where the charged action is that of the unregulated municipal utility, but as well where the charged illegal activity is by the regulated utility. The majority relies in its opinion on the Louisiana Constitution, art. IV, § 21(C) and on two Louisiana cases: Louisiana Power & Light Co. v. Louisiana Public Service Commission, 250 La. 596, 197 So.2d 638 (1967) and Central Louisiana Electric v. PSC, 601 So.2d 1383 (La.1992).
The Louisiana Constitution, art. IV, § 21(C) prohibits the PSC from regulating municipal utilities. The municipal electric utility companies, however, are not asking to be regulated. Nor has the regulated Louisiana Power and Light complained of any wrongdoing on the part of plaintiffs that would necessitate their regulation. Instead, plaintiffs seek to prevent Louisiana Power and Light, now Entergy, from supplying electricity to customers that the municipal companies claim as their own under La.Rev. Stat. 45:123. La.Rev.Stat. 45:123 prohibits regulated electric utilities from furnishing services to customers whose “point of connection is located within three hundred feet of an existing electric line of another electric public utility,” except in circumstances not raised in this case. The merits of the claim have never been reached because the Cities’ petition to the PSC was dismissed on jurisdictional grounds.
|2The PSC claimed it had no jurisdiction, citing to Louisiana Power & Light Co. v. Louisiana Public Service Commission, 250 La. 596, 197 So.2d 638 (1967). In the four to three decision concerning which power company should have Gas Power Plant as its customer, the majority stated that the PSC could not exercise its constitutional power when settling customer disputes with unregulated utilities “when it may not regulate the rates the latter may charge for a similar service and when ... it would be powerless to order the cooperative to comply.” Id. Í97 So.2d at 644.
Justice Summers suggested in his dissent that the majority’s statements concerning ⅛⅞ jurisdictional issue must be merely dicta. He articulated several reasons why the majority’s opinion could not be taken to hold that the PSC had no jurisdiction to settle the dispute. The jurisdiction of the PSC had been stipulated to by both parties; the PSC had not tried to regulate the then unregulated cooperative electric utility; the record was devoid of discussion concerning the applicability of La. R.S. 45:123 to the unregulated utility; and the jurisdictional issue had been foreclosed by cases such as Pointe Coupee Electric Membership Corp. v. Central Louisiana Electric Co., 140 So.2d 683 (La.App. 1st Cir.1962).
Pointe Coupee, in which the PSC was recognized to have jurisdiction, is a case precise *1080 ly about a territorial dispute against an electric public utility. Instead of directing its attention to that case, the majority has chosen to rely on the holding of Central Louisiana Electric v. PSC, 601 So.2d 1383 (La.1992).
In Central, this Court ruled that the District Court, and not the PSC, had jurisdiction in a dispute between two utility companies. But, unlike the case we decide today, Central was a Contracts case involving a municipality’s franchise agreements between two competing utility companies to supply power. Central correctly held that the PSC is proscribed from regulating municipal franchise contracts. But that has no relevance to the jurisdictional issue in this case.
While today’s majority relies on Central’s holding that thejsdistrict court had jurisdiction, dissimilar though the facts and issues may be, it completely ignores Justice Lem-mon’s reference to Pointe Coupee as a “case involving the right of a public utility to furnish electricity to a potential customer” subject to the PSC. Central at 1387. This reference clearly distinguishes the jurisdictional issue in Pointe Coupee from the franchise issue in Central and indicates that this Court has already recognized PSC’s jurisdiction in cases such as the present.
If the regulated electric utility had complained of the unregulated electric utility’s actions, then the proper forum would be the district court. But that is not the present situation. Under La. Rev.Stat. 45:123 and under Pointe Coupee and Central, the PSC has jurisdiction over a complaint regarding the actions of a regulated utility. Therefore, I respectfully dissent.